■ JACOB BLUMBERG et al., Appellants, v. CITY OF YONKERS et al., Respondents.— In an action by property owners: (1) to declare invalid General Ordinance No. 22-1962 of the City of Yonkers, which changed the zoning classification of Lots 5 to 13 of Block 134 in that city from "A-1" to "BA" zone district for the sole purpose of permitting the property to be used for the parking of automobiles in conjunction with the operation of a supermarket partially constructed on Lots 1 to 4 and on part of Lot 5 in said Block 134; and (2) for injunctive relief, the plaintiffs appeal from a judgment of the Supreme Court, Westchester County, entered September 18, 1963 upon the court's decision and opinion (N. Y. L. J., Sept. 11, 1963, p. 13, col. 7) after a nonjury trial dismissing the complaint upon the ground that "plaintiffs lack the standing required to challenge the validity of the ordinance by an action for declaratory judgment. Judgment reversed on the law and the facts, with costs, and judgment directed to be entered in favor of the plaintiffs for the relief demanded in the complaint. Findings of fact implicit or contained in the decision and opinion below, insofar as they may be inconsistent herewith, are reversed, and new findings are made as indicated herein. In our opinion, the plaintiffs Blumberg have the requisite standing to maintain this action. The right of a litigant to maintain an action for a declaratory judgment declaring the invalidity of a zoning ordinance, or an amendment thereof, is based on the same criteria required for institution of a proceeding under article 78 of the CPLR and under the former Civil Practice Act, to review the determination of an administrative body granting a variance (2 Rathkopf, Law of Zoning and Planning [3d ed.], ch. 36, pp. 36-1, 36-2). It is apparent from our decision in *Matter of Blumberg* v. *Feriola* (8 A D 2d 850, affd. 7 N Y 2d 852) that the Blumbergs had the requisite standing to bring such an article 78 proceeding. It follows from this that they likewise have the requisite standing to bring the present action. We are thus free to determine the merits of this controversy, and the question of whether the remaining plaintiffs (Dorothy Goodfriend and the Alberts) likewise have the requisite standing to maintain this action becomes academic. It is our opinion that the enactment of General Ordinance No. 22-1962 constituted an invalid exercise of police power. This amendatory ordinance singled out a small parcel of land for a unique type of use classification, i.e., "BA * * * for the parking of automobiles in conjunction with the operation of a Supermarket partially constructed on Lots 1, 2, 3 and 4 and part of Lot 5 in Block 134 * * * and for no other purpose or purposes." Thus, the ordinance inured to the exclusive benefit of the owner of such

property and operated to the detriment of other owners. The record also indicates that this zoning ordinance was not adopted pursuant to a comprehensive plan for the general welfare of the community. In our opinion, this ordinance constituted spot zoning of a character which cannot be sustained (see *Rodgers* v. *Village of Tarrytown*, 302 N. Y. 115). Ughetta, Acting P. J., Kleinfeld, Christ, Hill and Rabin, JJ., concur.