■    LEGISLATIVE CONFERENCE OF THE CITY UNIVERSITY OF NEW YORK, Appellant, v. BOARD OF HIGHER EDUCATION OF THE CITY OF NEW YORK, Respondent.— Judgment, Supreme Court, New York County, entered on June 23, 1971, unanimously modified, on the law, to the extent of striking therefrom so much of the second decretal paragraph as dismisses the complaint and substituting therefor a declaration that plaintiff had no existing and enforceable contractual right to sabbatical leave prior to the effective date of section 82 of the Civil Service Law and that said section prohibits the Board of Higher Education from granting sabbatical leave for a period of one year commencing July 1, 1971; and, as so modified, the judgment is affirmed, without costs and without disbursements.    Special Term correctly determined that the defendant may not be compelled to grant sabbatical leaves.    However, Special Term erroneously dismissed the complaint because plaintiff was not entitled to the declaration sought by it.    Instead, a declaration should have been granted in defendant's favor as above indicated (*New York Sporting Arms Assn.* v. *City of New York,* 31 A D 2d 793).    Appeal from order, Supreme Court, New York County, entered on July 28, 1971, unanimously dismissed, without costs and without disbursements.    Concur — Capozzoli, J. P., McGivern, Murphy, Steuer and Eager, JJ. [67 Misc 2d 648.]

■    ONE EAST 8TH ST. CORP., Appellant, v. THIRD BREVOORT CORPORATION, Respondent.— Order, Supreme Court, New York County, entered on August 19, 1971, unanimously reversed, on the law, and judgment is granted to plaintiff, declaring One East 8th St. Corp. to have complied with the notice of default and vacating said notice and permanently enjoining termination of the lease by reason of the alleged default.    Appellant shall recover of respondent $30 costs and disbursements of this appeal.    The notice of termination of the lease dated August 5, 1971 refers to violation 4220/70 (double doors).    This violation was removed of record on May 20, 1971.    It had been removed prior to the issuance of the notice of termination.    Further, defendant was bound by the notice served and cannot substitute another violation.    In any event, even this violation (Z7–71.) was removed of record on August 4, 1971.    Concur — Capozzoli, J. P., McGivern, Murphy, Steuer and Eager, JJ.