Albert S. McGrover, J.
Certain motions are presented for determination in this action for an injunction and for a judgment declaring unconstitutional subdivision (e) of section 110 of the New York City Civil Court Act (added by L. 1972, ch. 982, § 2, as amd.), insofar as it authorizes appointed hearing officers, in a housing part of the Civil Court established by the statute, to render judgment in summary proceedings to recover possession of residential premises and to remove tenants therefrdm. The plaintiffs, who are tenants against whom summary proceedings have been instituted, seek summary judgment. Plaintiffs additionally move to enjoin defendants pendente lite from causing or allowing the summary proceedings pending against them respectively, “to be heard and/or decided ” by any person other than a duly elected Judge of the Civil Court. Plaintiffs also move for leave to proceed in this action as poor persons pursuant to CPLR 1101.
Defendants Thompson, McCoy, and Tyson, who are, respectively, Administrative Judge of the Civil Court of the City of New York, State Administrator of the Courts, and Chief Clerk of the Civil Court, move for summary judgment on their counterclaim for a judicial declaration /that section 110 is constitutional.
The Housing and Development Administration, as defendantintervenor, appears in support of defendants’ motion for summary judgment and in opposition to plaintiffs’ motions.
*826 Section 110 establishes a housing part in the Civil Court of the City of New York devoted to actions and proceedings involving housing, including summary proceedings as above stated. Subdivision (e) of the section provides that such actions and proceedings “ shall be tried before judges or hearing officers ”, and that “ the determination of a hearing officer shall be final and shall be entered and may be appealed in the same manner as a judgment of the court ”. Section 110 further provides for the initial appointment of hearing officers for three-year terms by the Administrative Judge of the Civil Court from a list of persons selected as qualified by an advisory counsel appointed, with two exceptions, by the Administrative Judge with the approval of the Presiding Justices of the First and Second Departments of the Appellate Divisions (subds. [e], [f], [g], [i]).
Plaintiffs in the case at bar challenge the constitutional validity of the above provisions of subdivision (e), upon the ground that they contravene section 15 of article VT of the New York State Constitution. This section of the Constitution directs, in part, the establishment of a single court of city-wide civil jurisdiction in New York City, pursuant to which the Civil Court of the City of New York was established with jurisdiction over various classes of actions and proceedings, including summary proceedings. It also provides (subd. a) that the court “ shall consist of such number of judges as may be provided by law ” and that the Judges shall be residents of the city and shall be chosen for terms of 10 years by the electors of the counties included within the City of New York.
Generally, plaintiffs appear to argue that these provisions of the State Constitution require that summary proceedings, constituting one of the classes of actions and proceedings coming within the jurisdiction of the Civil Court, are to be tried and determined only by Judges of the Civil Court who are elected by the voters, as prescribed in said section, and that therefore any legislative attempt to invest persons, not duly qualified and elected as Judges of the Civil Court, with the powers of such a Judge over summary proceedings, is violative of the above provisions of the Constitution. If such a broadly stated argument is intended to be advanced, it cannot in my view be effectively sustained, for I find no logical distinction between a situation wherein a referee is authorized pursuant to consent of the parties to hear and determine matters where such reference is authorized by statute (see, Matter of Brock, 245 App. Div. 5; cf. Newcomb v. Newcomb, 281 App. Div. 689) and a situation in which a hearing officer, where the parties *827 consent, is appointed to hear and determine a summary proceeding.
The constitutional challenge posed by the plaintiffs may, however, be viewed in a more restricted light, namely, that subdivision (e) of section 110 is unconstitutional in that it authorizes a hearing officer to hear and determine summary proceedings and to render judgment, not only where the parties consent but also in the absence of any such consent. Assuming, without deciding, that the statute as so construed would be constitutionally invalid, it does not follow that such a construction must needs be adopted if it would thereby render the statute unconstitutional.
In weighing the constitutionality of a statute, certain legal principles are to be kept in mind, among them the following: that a legislative enactment carries with it a strong presumption of constitutionality; that every intendment is in favor of the statute’s validity; that the heavy burden of demonstrating unconstitutionality beyond a reasonable doubt rests upon one who challenges a statute as unconstitutional; and, that only as a last unavoidable resort do courts strike down a legislative enactment as unconstitutional (see Matter of Van Berkel v. Power, 16 N Y 2d 37, 40; Defiance Milk Prods. Co. v. Du Mond, 309 N. Y. 537, 540, 541). “ No statute should be declared unconstitutional if by any reasonable construction it can be given a meaning in harmony with the fundamental law ” (People ex rel. Simpson v. Wells, 181 N. Y. 252, 257; see Kauffman & Sons Saddlery Co. v. Miller, 298 N. Y. 38, 44; People v. Finklestein, 9 N Y 2d 342, 345). In other words, wherever possible the statutory language must be fairly construed in such a way as to avoid conflict with the Constitution (see 8 N. Y. Jur., Constitutional Law, §§ 63, 66, and cases cited in footnotes).
Turning to a consideration of section 110 with the foregoing principles in mind, it is to be noted that the statute contains no language expressly providing that hearing officers shall hear and determine summary proceedings, notwithstanding absence of consent by the parties. In such circumstance, section 110 may be read as if it contained the condition that any such trial before a hearing officer must be on consent, if such a condition must be implied in order to sustain the constitutionality of the section (cf. Anderson v. Reilly, 66 N. Y. 189). Moreover, subdivision (e) of section 110 does provide that the “ assignment of actions and proceedings to hearing officers, the conduct of the trial and the contents and filing of a hearing officer’s decision, and all matters incidental to the operation of the housing *828 part, shall be in accordance with the rules jointly promulgated by the first and second departments of the appellate division for such part.” The control vested in the Appellate Divisions of the First and Second Departments is sufficiently broad and flexible under the statute to permit assignment of cases to hearing officers only where the parties consent thereto”.
Thus, it appears that section 110 can reasonably be given a construction that need not do violence to the provisions of section 15 of article VI of the State Constitution. The movant defendants are therefore entitled to summary judgment on their counterclaim to the extent of declaring that section 110 is on its face constitutional.
If further developments in the summary proceedings instituted against the respective plaintiffs show that, notwithstanding the absence of consent on their part, hearing officers are assigned to hear and determine those proceedings, any constitutional objections to the manner in which section 110 is thus being implemented and administered may be raised at the time of trial and preserved for appeal. Until then, the objections raised herein by the plaintiffs are premature.
Accordingly, the movant defendants are granted summary judgment as hereinabove stated. This determination is, as indicated, without prejudice to such further objection on constitutional grounds as may be raised with respect to the manner in which section 110 is being implemented and administered as to the instant plaintiffs. It follows that the plaintiffs ’ motion for a temporary injunction is denied as well as the motion for leave to proceed in this action as poor persons.