Joseph A. Brtjst, J.
Plaintiffs move for a temporary injunction and defendants Thompson, McCoy and Tyson cross-move for summary judgment. The cross motion is granted and the motion is denied.
*873 Plaintiffs seek for themselves, and for members of a class, judgment declaring the provisions of section 110 of the New York City Civil Court Act creating a Housing Part in the Civil Court of the City of New York to be unconstitutional and the motion-in-chief seeks to restrain the cross-moving defendants from permitting trials in special proceedings to recover real property before hearing officers in the newly created Housing Part.
In substance, plaintiffs contend that such trials violate the provisions of section 15 of article VI of the Constitution of the State of New York. These provisions provide for the establishment of the Civil Court of the City of New York as a constitutional court consisting of a number of Judges and set forth the qualifications required of Judges for that court. Plaintiffs urge that hearing officers do not possess the qualifications constitutionally mandated for the Judges and that therefore they cannot be compelled to have special proceedings instituted against them, pursuant to article 7 of the Real Property Actions and Proceedings Law, tried before a hearing officer.
The identical issues were raised recently in Glass v. Thompson (75 Misc 2d 824). There the court held that the provisions for trial before a hearing officer are substantially the same as proceedings before a court-appointed Referee but with that I agree. However, that court concluded that to compel the parties to have their case adjudicated by a hearing officer would violate the afore-mentioned constitutional provisions. With this conclusion, I cannot agree, for the constitutional provisions establishing the Civil Court do not mandate the form in which trials are to be held.
Civil trials were had before referees long before the first adoption of a Constitution in this State, and in the absence of a specific constitutional prohibition, parties may be compelled to submit disputed issues to a Referee. (Ryan v. Atlantic Mut. Ins. Co., 50 How. Prac. 321, affd. on opn. of ct. below 66 N. Y. 628.) There appears to be no prohibition against having trials conducted by a Referee in the present Constitution and in the absence thereof, there is no reason why such trials cannot be so held.
Parenthetically, in considering the issue of constitutionality, it is noted that the provisions of section 35 of article VT of the New York Constitution abolished the office of Official Referees and the portions of the Constitution referring to an Official Referee were repealed. These provisions of the Constitution while referring to the exercise of judicial powers of persons not *874 holding judicial office are not a constitutional prohibition against trials being held by court-appointed Referees other than Official Referees.
The Official Referee was a constitutional officer and the provisions of section 35 of article VI of the Constitution merely abolished that constitutional office. As noted above, trials by court-appointed Referees were had prior to the establishment of the Constitution and such trials were had before referees other than Official Referees when the constitutional office existed. If there was to be constitutional prohibition against trial before Referees other than Official Referees, express language containing such prohibition in the constitutional amendment would be required.
Insofar as the complaint seeks to maintain a class action, it is legally insufficient for the reasons assigned in Matter of Davis (Dumpson) (N. Y. L. J., March 25, 1974, p. 18, col. 7) and no consideration is being given to plaintiffs’ claims in behalf of a class of persons who may be prospective litigants in the Civil Court of1 the City of New York. It is only the claims of the named plaintiffs in this action that are considered on this application.
In this connection, it is noted that none of the plaintiffs contend that they have a present right to trial by jury nor do they assert a constitutional right to trial by jury pursuant to section 2 of article I of the Constitution of the State of New York. They do not urge that their constitutional rights under that provision are being violated and it is not necessary to reach the issue as to section 110 of the New York .City Civil Court Act being violative of rights under that provision.
The Constitution guarantees plaintiffs due process. They are entitled to the essential elements of trial that are fair in all respects affording a full opportunity to be heard, to defend and enforce their rights. This essential element of the Constitution is not violated by the provisions of section 110 of the New York City Civil Court Act. The complaint is dismissed.