A. Franklin Mahoney, J.
Petitioner commenced a CPLR article 78 proceeding to review an informal opinion of counsel to the State Education Department to the eifect that subdivision 3 of section 1726 of the Education Law was applicable to the proposed plans of petitioner to lease (with option to purchase) an educational facility to be constructed in its district.
Clearly, such a procedural device is inappropriate under the circumstances and the court unhesitantly corrects the error by converting this special proceeding into an action for a declaratory judgment (CPLR 103, subds [b], [c]; CPLR 105, subd [b]).
*22 The respondent State of New York moves for an order pursuant to CPLR 3211 (subd [a], pars 2, 7, 8) and/or CPLR 7804 (subd [f]) dismissing the petition (complaint) upon the grounds that the court has no jurisdiction of the subject matter, the petition (complaint) fails to state a cause of action and the court has no jurisdiction of the person of the respondent, State of New York.
The respondent commissioner filed an answer with five separate and distinct defenses as well as objections in point of law.
Both the motion to dismiss by the State and objections in point of law by the commissioner raise the issue of whether this court is being asked for an advisory opinion or the petition (complaint) alleges facts constituting a "justiciable controversy” within the meaning of CPLR 3001.
The petition (complaint) states that in December, 1974 the petitioner (plaintiff) "began exploring the feasibility of utilizing § 1726 of the Education Law” for the construction of office buildings by a contractor on lands owned by the district and with the option in the district to later purchase the buildings. The district then requested an opinion of the Education Department as to whether such a proposal would bring into play the provisions of section 101 of the General Municipal Law or if such a purchase-option agreement would be exempt from the bidding requirements of section 101. In a brief reply, the Education Department stated that section 101 of the General Municipal Law would apply. It is the contention of both respondents that since no proposed contract or lease was submitted for approval, no formal determination has been made and no "justiciable controversy” presently exists between the parties. Therefore, the petition (complaint) fails to state a cause of action and the court lacks jurisdiction.
While it is true that justiciability is the necessary condition of judicial relief (Blumberg v City of Yonkers, 21 AD2d 886, affd 15 NY2d 791), a justiciable controversy should not be equated with hypothetical or abstract questions. The controversy must be definite and concrete, touching the legal relations of the parties. Herein, the petitioner and respondents have a real disagreement concerning the construction of a public building and it is of no little consequence as to which view prevails. Since prior approval of plans, specifications and leases is required of the Education Department and since there is a wide disparity as to the costs if the district builds *23 itself or enters into a lease with an option to purchase, a significant public interest is involved which makes the controversy real, definite and substantial and, therefore, "justiciable”. Further, only a question of law is presented for resolution by the petition (complaint) and answer. Declaratory judgment is singularly appropriate to the resolution of such issues. Next, in an action for a declaratory judgment, the complaint should not be dismissed if a proper case is made out for a declaration of rights even where the indicated disposition is a declaration in favor of the defendant (Legislative Conference of City Univ. of N. Y. v Board of Higher Educ. of City of N. Y., 38 AD2d 524, mot for lv to app den 30 NY2d 481).
Motion to dismiss petition (complaint) on the ground that there is an absence of a "justiciable controversy” is denied.
Subdivision 3 of section 1726 of the Education Law provides: "Such agreements [lease and lease-purchase of buildings] shall be subject to the bidding requirements of the general municipal law, except that the provisions of section one hundred one of the general municipal law shall not apply to lease or lease-purchase of pre-manufactured items delivered to the site, but shall apply to installation and other work to be performed on the site.” The petitioner argues that section 101 of the General Municipal Law has application only to work performed by municipalities which erect, construct or alter public buildings but has no application to school districts that cause the work to be done by another who will own the structure upon completion. This contention must be rejected.
Section 101 of the General Municipal Law requires separate specifications and bidding for specified items contained in contracts given by municipal corporations, including school districts, for the erection of public buildings. Since section 1726 of the Education Law contemplated the letting of contracts by municipalities under lease-purchase option arrangements, it necessarily follows that the incorporation of the provisions of section 101 of the General Municipal Law into section 1726 can only have meaning by inferring a legislative intent of having the provisions of section 101 apply to that type of municipal contract. Clearly, any work undertaken by the district itself would be within the bidding provisions of the General Municipal Law. In that case, the district would be the owner of the building as well as the site and would be the sole user of the building. Such an expenditure of public money would be for a public purpose. The only difference envisioned *24 by section 1726 is that in a lease-purchase option arrangement the building is temporarily owned by a private contractor-lessor, but if the district should exercise its option to purchase the building the amount of public funds paid will be directly related to the costs of construction, and it is a legislative responsibility to see that such costs are kept to a minimum by requiring competitive bidding.
By the plain wording of section 1726 of the Education Law, the Legislature has indicated that it is in the public interest to have the provisions of section 101 of the General Municipal Law apply to school district construction regardless of whether the district is itself the builder.
It is, therefore, declared that subdivision 3 of section 1726 of the Education Law mandates compliance with the provisions of section 101 of the General Municipal Law when a school district has public buildings constructed by private contractors with an option to buy retained by the district.