■ JOHN POLAND, Respondent, v B. & N. CAB CORP., Appellant, et al., Defendant.—Order entered August 12, 1975, Supreme Court, New York County, unanimously affirmed, with $40 costs and disbursements to respondent. A previous order by Postel, J. entered June 19, 1975 denied plaintiff-respondent's cross motion for an order directing an assessment of damages and entry of a default judgment, and granted defendant-appellant's motion to dismiss the complaint "but with leave to plaintiff to make a prompt application to vacate such dismissal and to renew his application for the relief requested herein on proper papers, including an affidavit by plaintiff himself * * * factually demonstrating the merits of his claim for personal injuries." The order appealed from followed plaintiff's renewed application for the said relief holding that plaintiff had submitted a sufficient affidavit of merits and had satisfactorily excused his failure to enter judgment upon defendant's default. It was not required, as claimed by defendant-appellant, that under CPLR 2221 the instant application for relief should have been made to Justice Postel, inasmuch as Justice Postel's order of June 19 was not a final one on the merits and, in addition, it granted leave to *renew* the application upon conditions set forth therein. Hence, plaintiff's application cannot be construed as a "motion * * * to * * * *vacate* * * * an order", which could be made only to Justice Postel (CPLR 2221). The order to vacate the dismissal, appealed from herein, was properly granted, there having been an adequate demonstration of sufficient cause why the complaint should not have been dismissed (CPLR, subd 3215 [c]). The defendant is given leave to serve an answer within 20 days after service upon him of a copy of the order entered hereon with notice of entry. Concur—Stevens, P. J., Kupferman, Birns, Lane and Yesawich, JJ.

■ BARBARA CARSON et al., Appellants, v EDWARD R. THOMPSON, Individually and as Administrative Judge of the Civil Court of the City of New York, et al., Respondents.—Order and judgment (one paper), Supreme Court, Bronx County, entered May 8, 1974, denying plaintiffs' motion for preliminary injunction and granting summary judgment to defendants adjudicating that subdivision (e) of section 110 of the New York City Civil Court Act is constitutional, is unanimously modified, on the law, so as to strike the last decretal paragraph dismissing the complaint and as so modified, affirmed, without costs and without disbursements. For the reasons stated by Justice Brust at Special Term, we hold that the statute is not a violation of section 15 of article VI of the New York State Constitution. However, the court having declared the rights of the parties, the complaint should not have been dismissed. *(Lanza v Wagner,* 11 NY2d 317, 334; *Legislative Conference of City Univ. of N.Y. v Board of Higher Educ. of City of N.Y.,* 38 AD2d 524.) Concur—Kupferman, J. P., Murphy, Lupiano, Silverman and Yesawich, JJ. [77 Misc 2d 872.]