temporary alimony, etc.) Present—Marsh, P. J., Dillon, Hancock, Jr., Denman and Witmer, JJ.

■ JACK ADAMS, Appellant, v JOHN BURKOWSKI et al., Respondents. (Appeal No. 1.)—Order unanimously reversed, without costs, and motion granted. Memorandum: In this action for damages for personal injuries, Special Term's denial of plaintiff's motion for leave to serve a supplemental bill of particulars was an improvident exercise of discretion. "Leave to serve an amended bill of particulars, in the absence of a showing of prejudice, should be freely granted." (Portilla v Boyke, 51 AD2d 539, citing CPLR 3025, subd [b] and 3 Weinstein-Korn-Miller, NY Civ Prac, par 3041.21; see, also, Cossart v Fredenburgh, 50 AD2d 993; Kerlin v Green, 36 AD2d 892.) Here, affidavits supporting the motion, made by plaintiff and one of his attending physicians, were submitted with the proposed supplemental bill of particulars (see Bernas v Kepner, 36 AD2d 58). A statement of readiness had not yet been filed in the action, and the record indicates no prejudice to defendant and no inordinate delay on the part of plaintiff. Plaintiff has also appealed from Special Term's denial of his motion for leave to serve an amended complaint increasing the ad damnum from $95,000 to $600,000. Where, as here, the motion, which was made before the statement of readiness was filed, was supported by affidavits of plaintiff and a physician (see Gardner v Fyr-Fyter Co., 55 AD2d 816), it was error to deny the motion in the absence of showing of any prejudice to defendants. (Smith v University of Rochester Med. Center, 32 AD2d 736; Kerlin v Green, 36 AD2d 892.) (Appeal from order of Erie Supreme Court—bill of particulars, etc.) Present —Moule, J. P., Cardamone, Simons, Dillon and Hancock, Jr., JJ.

■ JACK ADAMS, Appellant, v JOHN BURKOWSKI et al., Respondents. (Appeal No. 2.)—Order unanimously reversed, without costs, and motion granted. Same memorandum as in Adams v Burkowski (61 AD2d 979). (Appeal from order of Erie Supreme Court—bill of particulars.) Present— Moule, J. P., Cardamone, Simons, Dillon and Hancock, Jr., JJ.

■ STATE DIVISION OF HUMAN RIGHTS, Respondent, v GANNETT COMPANY, INC., Petitioner. (Proceeding No. 1.)—Petition granted, order and determination unanimously annulled, on the law and facts, without costs, and complaint dismissed. Memorandum: This proceeding against the petitioners, Gannett Company, petitioners, Gannett Company, Inc., and Sheraton Gatehouse Motor Inn was commenced by complainant Mollie A. Traub when she filed a complaint with the State Division of Human Rights on August 3, 1971. She claimed that Sheraton's advertisement for a Bar Maid which specified dimensions of "38-23-38" and which was published by Gannett discriminated against her. On January 20, 1977 the appeal board reviewed the commissioner's dismissal of the complaint against Gannett. The appeal board held that Mollie Traub was a "person aggrieved" within the meaning of section 297 of the Executive Law; granted her leave to amend her complaint to add the National Organization for Women (NOW) as a party; concluded that NOW is also a "person aggrieved"; held that the complaint stated a claim upon which relief could be granted and remanded the matter to the division for the public hearing ordered nearly five years earlier. We note in passing that the hearing directed by the State appeal board may well be futile here since the only representative of Gannett with any knowledge regarding the placing of this advertisement died on November 4, 1974 and no other Gannett employee was personally involved. A review of the record reveals that the extensive delay in this case was occasioned primarily by the division's decision to await the result of rele-