■ JEANNETTE BEST et al., Respondents, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants. — In a negligence action to recover damages for personal injuries, etc., defendants appeal from an order of the Supreme Court, Queens County (Lakritz, J.), dated August 26, 1981, which granted plaintiffs' motion for renewal of their prior motion (which was denied by order dated May 20, 1981 [Kassoff, J.], without prejudice to renewal upon proper papers) and upon renewal, ordered the action removed from the Civil Court of the City of New York, Queens County, to the Supreme Court, Queens County, granted plaintiffs leave to serve an amended bill of particulars, increased the *ad damnum* clause as to Jeannette Best from $10,000 to $250,000, and permitted defendants to conduct a further physical examination of Jeannette Best. Order affirmed, with one bill of $50 costs and disbursements, payable jointly by appellants. The previous order of May 20, 1981 denied plaintiffs' motion, *inter alia,* to remove the action to the Supreme Court, without prejudice to renewal upon submission of an affidavit from a medical doctor stating what the injury was and whether there was any causal connection between the condition alleged and the accident in question. The order appealed from determined that the medical affidavit annexed to the motion for renewal demonstrated such causal connection and that plaintiffs' delay in seeking relief arose from the inability to assess initially the true extent of plaintiff Jeannette Best's injuries. Special Term properly acted within its discretion in granting the renewed motion. Since the order of May 20, 1981 was not a final order on the merits and since the renewal motion was not one to vacate or modify any part of the prior order, referral of the renewal motion to the original court was not mandated (see CPLR 2221; *Polland v B. & N. Cab Corp.,* 51 AD2d 692). In addition, defendants have failed to establish that they are prejudiced by the proposed increase in the *ad damnum* clause and the amendment to plaintiffs' bill of particulars (see *Adams v Burkowski,* 61 AD2d 1134; *Cossart v Fredenburgh,* 50 AD2d 993; *Hrusko v Public Serv. Coordinated Transp. Corp.,* 40 AD2d 659; see, also, *Loomis v Civetta Corinno Constr. Corp.,* 54 NY2d 18). Damiani, J. P., Titone, Gulotta and Bracken, JJ., concur.