■ GLOVER BOTTLED GAS CORP., Appellant, v LOCAL 282, IBT, et al., Respondents. — In a proceeding pursuant to CPLR 7511 to vacate an arbitration award, the appeal is from a judgment of the Supreme Court, Suffolk County (McInerney, J.), dated March 2, 1982, which granted the respondents' cross motion to confirm said award, without a hearing. Judgment reversed, on the law, with $50 costs and disbursements, matter remitted to Special Term for further proceedings consistent herewith, and the stay of the arbitration award imposed by this court's order dated March 25, 1982, shall continue pending Special Term's determination. An arbitration award was granted in favor of the respondents on October 5, 1981, concerning the termination of the employment of respondent James Brown. Petitioner, Glover Bottled Gas Corporation, then moved, pursuant to CPLR 7511, *inter alia,* to vacate the award, on the ground of the arbitrator's misconduct. By order dated December 8, 1981, Special Term (Underwood, J.), *inter alia,* denied petitioner's motion to vacate the award and respondents' cross motion to confirm with leave to renew upon the submission of a copy of the transcript of the arbitration hearing, without which the court believed it could not determine the issue. Since "the burden of showing any or such misconduct as to throw doubt on the fairness of the proceeding" was upon petitioner (see *Korein v Rabin,* 29 AD2d 351, 357), a 30-day stay of the arbitration award was granted to permit petitioner to obtain and submit a transcript of the arbitration proceeding. The stay was necessary because pursuant to section 12 (e) of the collective bargaining agreement between the petitioner and Local 282, IBT, the local may engage in a work stoppage against petitioner upon the latter's failure to comply with an arbitration award within 15 days after its issuance unless an order staying the effectiveness of the award has been entered. While an official stenographic record of the proceeding was not made, arbitrator Cashen did have his notes and records, and the parties stipulated to the release of these documents, which comprise the "transcript" referred to in Justice Underwood's order. With the then current stay about to expire, petitioner moved by order to show cause dated February 22, 1982 for an extension of the stay until such time as a final determination could be made upon its prospective renewed application to vacate and set aside the award, which application would be interposed once the "transcript", allegedly mailed to petitioner February 22, 1982, was obtained. By way of opposition, respondents cross-moved to confirm the award and deny petitioner's motion to extend the stay. The "transcript" was not before Special Term upon its consideration of petitioner's motion, and, while it is unclear from the record presently before this court, it would appear that a copy of the arbitration award was not submitted for Special Term's perusal. By judgment dated March 2, 1982, Special Term, without holding a hearing on the matter, granted respondents' cross motion to confirm the arbitration award. It is from this judgment that petitioner appeals. Under the particular circumstances of the case at bar, Special Term acted improvidently. It is well established that a court should not ordinarily reconsider, disturb or overrule an order in the same action of another Judge of co-ordinate jurisdiction (see CPLR 2217, subd [a]; 2221; cf. *Mount Sinai Hosp. v Davis,* 8 AD2d 361, 362-363; *George W. Collins, Inc. v Olsker-McLain Inds.,* 22 AD2d 485, 488-489). As Justice Underwood's

order of December 8, 1981 was not a final one on the merits and it had granted the parties leave to renew their respective applications upon the conditions set forth therein, and because respondents' cross motion cannot be construed as a motion "to stay, vacate or modify" the prior order, it was not mandated that the motions which formed the basis for the judgment appealed from be transferred to Justice Underwood (see CPLR 2221; *Poland v B. & N. Cab Corp.,* 51 AD2d 692). However, we are of the view that the better practice would have been to refer the matter to Justice Underwood who had decided a prior motion to vacate and cross motion to confirm in the action, and was therefore more familiar with the particular circumstances of the case (see CPLR 2217; see, generally, *George W. Collins, Inc. v Olsker-McLain Inds., supra,* pp 486-489; 2A Weinstein-Korn-Miller, NY Civ Prac, § 2217; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C2217:1, C2217:2). Since Justice Underwood, upon consideration of petitioner's prior motion to vacate the award and respondents' cross motion to confirm, had, in his order, denied both motions, but granted leave to renew upon the conditions set forth therein, and since there was an insufficient showing that petitioner had not exercised due diligence in obtaining a copy of the "transcript", the judgment appealed from which granted respondents' cross motion to confirm was necessarily founded upon a finding that the documentation Justice Underwood had deemed essential for a proper review of the issues presented was not, in fact, required. Given the afore-mentioned, it constituted an abuse of discretion for Special Term to deny petitioner a short stay within which time to submit the already mailed transcript, and instead to proceed to determine the issue on the merits. A hearing is necessary to explore the issue of whether there was misconduct on the part of the arbitrator such as would justify vacatur of the award, at which time the "transcript" shall be submitted and the arbitrator may be called to testify should Special Term so require. On the papers submitted, Special Term should not have granted respondents' cross motion to confirm. Accordingly, this proceeding is remitted to Special Term for a hearing, with written findings of fact, on the issue of whether acts by the arbitrator constituted sufficient misconduct to vitiate the award. This court's stay of the arbitration award, granted March 25, 1982, is continued pending Special Term's determination of petitioner's motion to vacate the arbitrator's award and respondents' cross motion to confirm on the merits. Damiani, J. P., Mangano, Gibbons and Boyers, JJ., concur.