Davis, J.
(dissenting). I respectfully dissent. Civil Court did
not abuse its discretion in conditioning the discontinuance of these consolidated holdover proceedings upon landlord’s payment of tenants’ legal fees.
In March 1997, landlord commenced these two holdover proceedings alleging that respondents illegally removed the *526 wall between their two apartments to create one unit. Fourteen months later, on the May 20, 1998 scheduled trial date, landlord made an oral application to discontinue both proceedings. It is not disputed that in response to this application tenants’ attorney requested that legal fees be awarded as a condition of the discontinuance. Judge Eisner, in a handwritten order on the court file, ruled “discontinued without prejudice to either side including respondent’s rights to move for attorney fees.” Tenants subsequently moved on notice to direct landlord to pay legal fees for its discontinuance of these proceedings. In the order appealed from, Judge Spears granted the motion and set the matter down for a legal fee hearing.
CPLR 3217 (b) permits the court to grant discontinuance “upon terms and conditions, as the court deems proper.” Determination of such a motion is in the court’s sound discretion (Tucker v Tucker, 55 NY2d 378, 383) and it is well settled that the court may condition plaintiffs discontinuance of a case on its payment of defendant’s legal fees (Beigel v Cohen, 158 AD2d 339, 340; Baralan Intl. v Vetrerie Bormioli Ing. Luigi, 215 AD2d 338). It is irrelevant that there is no underlying contractual or lease provision between the parties providing for the payment of legal fees. The court’s authority to award legal fees is not based in contract but upon the statutory authority of CPLR 3217 (b), which allows the court to impose appropriate terms and conditions on a discontinuance (Tucker v Tucker, supra, at 384, n 2).
In this case, it was not an abuse of discretion to direct landlord to pay tenants’ legal fees. These proceedings were discontinued 14 months after they were commenced, after numerous adjournments, motion practice and after tenant retained an architect to rebut the allegations of an illegal alteration. The request for a discontinuance was made on the scheduled trial date and landlord concedes that it discontinued the case because it did not have sufficient proof. We have upheld, on less compelling facts, orders conditioning the discontinuance of summary proceeding upon landlord’s payment of tenant’s legal fees (Robrose Place v Billeci, NYLJ, Jan. 18, 2000, at 29, col 2 [App Term, 1st Dept]; Haruvi v Scully, NYLJ, Nov. 23, 1998, at 30, col 6 [App Term, 1st Dept]; Vacca v Scilla, NYLJ, Apr. 14, 1998, at 25, col 4 [App Term, 1st Dept]).
In reversing Civil Court, the majority misconstrues the May 20, 1998 order of Judge Eisner. This order did not reject tenants’ claim for legal fees as a condition of the discontinuance, but merely deferred resolution of this request until a formal *527 motion on notice was made. The majority fails to note that landlord violated CPLR 3217 (b) when it discontinued these proceedings on a mere oral application (see, Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3217:12, at 732 [application pursuant to CPLR 3217 (b) must be on notice]). Landlord’s oral discontinuance deprived tenants of their rights under CPLR 3217 (b), including the right to notice and the opportunity to submit answering papers requesting that any discontinuance be made subject to appropriate terms and conditions. In the absence of these rights, Judge Eisner could not have adjudicated the issue of whether the discontinuance should be subject to any conditions. Judge Eisner’s order must be read as merely postponing resolution of this disputed issue until a formal motion on notice was made, so that both parties were given the right to bring to the attention of the court all facts and evidence in support of their position and so that an appealable order could be issued.
Finally, it was not improper for Judge Spears to entertain tenant’s subsequent motion. It was not mandated that the motion be referred to the Trial Judge, as the majority claims, since the prior order of Judge Eisner was not a final order on the merits, specifically granted tenants leave to renew the application, and since the subsequent motion cannot be construed as a motion “to stay," vacate or modify” the prior order (CPLR 2221; Best v New York City Tr. Auth., 88 AD2d 579; Glover Bottled Gas Corp. v Local 282, IBT, 89 AD2d 1007; Poland v B. & N. Cab Corp., 51 AD2d 692).
Parness, P. J., and McCooe, J., concur; Davis, J., dissents in a separate memorandum.