■ ANTHONY MIANO, Appellant, v JOSEPH LECHNER et al., Respondents. —In a negligence action to recover damages for personal injuries, plaintiff appeals from an order of the Supreme Court, Suffolk County, dated January 12, 1976, which (1) denied his motion (a) for leave to serve an amended complaint with an increased *ad damnum* clause, (b) for leave to amend his bill of particulars and (c) to compel defendant Lechner to submit to an examination before trial in the event that defendants withdraw their concession of liability, and (2) ordered that he "notice the matter for inquest" within 45 days and provided that defendants could move for dismissal in the event of the failure to notice an inquest. Order modified by deleting therefrom the provision which denied plaintiff's motion and by substituting therefor a provision that the motion is granted. As so modified, order affirmed, without costs or disbursements. Plaintiff shall serve the amended complaint and bill of particulars within 20 days after entry of the order to be made hereon, and such service shall be without prejudice to the present position of this action on the calendar. Defendants may conduct further oral and physical examinations of plaintiff, if they be so advised, pursuant to a written notice of not less than 10 days, which notice must be served within 20 days after plaintiff's service of his amended complaint and bill of particulars. Special Term improvidently exercised its discretion in denying plaintiff's motion for leave to increase his *ad damnum* clause and to amend his bill of particulars; the injuries sustained could result in a verdict in excess of that demanded in the original complaint. Plaintiff and defendants had contemplated a possible increase in the amount of damages claimed. That was reflected in a stipulation which provided for a withdrawal of defendants' concession of liability if plaintiff moved to increase his *ad damnum* clause. Leave to amend pleadings shall be freely given (see CPLR 3025). Under the unusual circumstances presented herein, and in view of the nature of the medical evidence and the lack of surprise, the motion should have been granted (see *Ryan v Collins,* 33 AD2d 966; *Moore v Wilson,* 51 AD2d 973; *Di Guilmi v Bress,* 51 AD2d 1014). Hopkins, Acting P. J., Martuscello, Cohalan, Margett and Shapiro, JJ., concur.

■ ELEANOR S. MITCHELL et al., Appellants, v CLIFFORD M. PARKS, Respondent.—In a negligence action to recover damages for personal injuries, etc., which action arises out of an automobile collision, plaintiffs appeal from an order of the Supreme Court, Suffolk County, entered March 9, 1976, which denied their motion for partial summary judgment. Order affirmed, without costs or disbursements. While plaintiffs made out a persuasive case of negligence on the part of defendant, there still remains a question of fact as to whether defendant's conduct fell below any permissible standard of due care (see *Andre v Pomeroy,* 35 NY2d 361). Martuscello, Acting P. J., Latham, Cohalan, Margett and Shapiro, JJ., concur.