■ FAIRIES LONDON et al., Appellants, v. GILBERT MOORE et al., Respondents. (Action No. 1.) CAROL R. MOORE et al., Respondents, v. FAIRIES LONDON, Appellant. (Action No. 2.) — In consolidated actions to recover damages for injury to person and property, and for loss of services, etc., plaintiffs in Action No. 1 and defendant in Action No. 2 (the latter is one of the plaintiffs in Action No. 1) appeal from an order of the Supreme Court, Queens County, dated June 20, 1967, which, as resettled by an order of said court dated March 19, 1968, *inter alia,* granted the motion of plaintiffs in Action No. 2, Carol and Gilbert Moore, to remove the actions from Civil Court of the City of New York, Queens County, to the Supreme Court, Queens County, and to amend their bill of particulars and the *ad damnum* clause of their complaint. Order dated March 19, 1968, reversed, on the law and the facts, without costs, and said motion denied, without prejudice to renewal upon a proper showing by (1) a doctor's affidavit of (a) a causal connection between the allegedly increased injury and the accident sued upon and (b) a course of treatment between the last date in 1963 when plaintiff Carol Moore was treated for the accident-caused injuries and the date in 1965 when the herniated disc condition was first diagnosed; and (2) an affidavit by plaintiffs Moore as to the merits of the case and the delay in making their motion. Appeal from order dated June 20, 1967 dismissed as academic, without costs. That order was superseded by the order of March 19, 1968. The motion papers are deficient in that they do not contain (1) a proper showing by a doctor's affidavit of (a) a causal connection between the injury and the accident and (b) a consistent course of treatment for the accident-caused injuries (*Northern Ins. Co. of N. Y.* v. *Kregsman,* 26 A D 2d 648) and (2) an affidavit by plaintiffs Moore "showing the merits of the case, the reasons for the delay and the fact that the increase is warranted by reason of facts which have recently come to the attention of the plaintiff[s] and excusing the failure or negligence necessitating the amendment so far as these facts are within the knowledge of the plaintiff[s]" (*Koi* v. *P. S. & M. Catering Corp.,* 15 A D 2d 775, 776). Although the alleged aggravation of Carol Moore's condition was diagnosed in 1965, the motion to remove the actions, etc., was not made until 1967. Failure to explain this delay may be indicative of laches on the part of plaintiffs Moore. Christ, Acting P. J., Brennan, Rabin, Benjamin and Munder, JJ., concur.