■ JAMES B. MILLER et al., Respondents, v RALPH G. LUKERT et al., Appellants.—The attorneys for the respective parties on this appeal from a judgment of the Supreme Court, Suffolk County, entered December 9, 1975, have agreed, after a conference held before Hon. Harry Gittleson, that the judgment be modified by reducing the total amount thereof to the sum of $210,000. In accordance with the foregoing, the judgment is modified as so provided, without costs or disbursements. Gulotta, P. J., Hopkins, Martuscello, Latham and Cohalan, JJ., concur.

■ JAMES E. MOORE et al., Appellants, v WILLIAM WILSON et al., Respondents. In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from (1) so much of an order of the Supreme Court, Suffolk County, dated May 22, 1975, as denied the branch of their motion which sought permission to increase the *ad damnum* clause of their complaint and (2) a further order of the same court, dated July 15, 1975, which denied their motion for reargument. Appeal from the order of July 15, 1975 dismissed, without costs or disbursements. An order denying a motion for reargument is not appealable (see *Roberts v Connelly,* 35 AD2d 813). Order dated May 22, 1975 reversed insofar as appealed from, without costs or disbursements, and the said branch of the motion is granted. Defendants are granted leave, if they be so advised, to conduct further physical and oral examinations of plaintiffs. Such examinations shall proceed at times and places to be fixed in written notices of not less than 10 days, to be given by defendants within 30 days after entry of the order to be made hereon, or at such times and places as the parties may agree. Special Term improvidently exercised its discretion in denying that branch of the motion which was to increase the *ad damnum* clause, since the injuries sustained could result in a verdict in excess of that prayed for in the original complaint. To avoid the possibility of this potential error, under the circumstances herein, the increase in the *ad damnum* clause should be allowed (see *Koupash v Grand Union Co.,* 34 AD2d 695). Hopkins, Acting P. J., Margett, Damiani, Christ and Hawkins, JJ., concur.