■ HERBERT ROBBINS, Appellant-Respondent, v PAUL SPERLAZZA et al., Respondents, and THOMAS BRILL et al., Respondents-Appellants.—In a negligence action to recover damages for personal injuries, the cross appeals are from an order of the Supreme Court, Kings County, entered April 30, 1979, which (1) denied that branch of the plaintiff's motion which was to increase the *ad damnum* clause of the complaint and (2) granted that branch of his motion which was to serve a supplemental bill of particulars. Appeal by defendants Brill and Centrex, Inc., dismissed (see *Howe Ave. Nursing Home v Nafus,* 54 AD2d 686). On the appeal by the plaintiff, order reversed insofar as appealed from, and that branch of plaintiff's motion which was to amend the complaint by increasing the *ad damnum* clause from $100,000 to $750,000 is granted. The plaintiff is awarded one bill of $50 costs and disbursements payable by the defendants appearing separately and filing separate briefs. The plaintiff sought leave to amend the complaint in this personal injury action by increasing the *ad damnum* clause and to serve a supplemental bill of particulars. The supporting affidavits of the plaintiff, his attorney, and his physician clearly reveal that the extent of plaintiff's injuries were grossly underestimated, have continually increased in severity and have resulted in the unanticipated consequence of total disability. There has been a good faith and timely re-evaluation of damages, without any resulting prejudice to the defendants. Therefore, the branch of the plaintiff's motion which was to increase the *ad damnum* clause should have been granted (see *Wagner v Huntington Hosp.,* 65 AD2d 771). Damiani, J. P., O'Connor, Rabin and Gibbons, JJ., concur.