## (December 31, 1981)

■ HEDY BACHTINGER, Appellant, v LOUIS YEE et al., Respondents. — Appeal by plaintiff from an order of the Supreme Court, Kings County (Bellard, J.), entered October 30, 1980, which denied plaintiff's motion to transfer the action from the Civil Court, Kings County, to the Supreme Court, Kings County, and to increase the *ad damnum* clause of the complaint. Order reversed, with $50 costs and disbursements, and motion granted. Defendants are granted leave, if they be so advised, to conduct further physical and oral examinations of the plaintiff. The examinations shall proceed upon written notice of not less than 10 days, to be given by defendants, or at such other times and places as the parties may agree. This negligence action was commenced in the Civil Court, Kings County, in September, 1976, by plaintiff to recover damages as a result of her having been bitten by defendant's dog. The original *ad damnum* demand was in the amount of $10,000. A prior motion to increase the *ad damnum* clause and to transfer the action to the Supreme Court, based on plaintiff's claim that certain skin discolorations, scarring and numbness of her arm, earlier thought to be temporary, were alleged to be permanent, was denied by order dated December 6, 1977. After the plaintiff began to receive psychotherapy treatments on September 13, 1979, she again moved, in August, 1980, by the instant motion, to transfer the action to the Supreme Court, and to increase the *ad damnum* demand to $500,000. In this connection, her supporting papers included an affidavit by her treating psychiatrist, sworn to on June 16, 1980, in which he concluded that her illness was causally related to the dog biting incident. He diagnosed her illness as a traumatic neurosis with anxiety, depression and phobias, and recurrent psychophysiologic (psychosomatic) skin eruptions which appear at about three-week intervals preceded by very disturbing and frightening nightmares of being attacked by dogs, and which has greatly limited all of her activities because of her fear of going out on the street and marked fear of unleashed dogs. By order entered October 30, 1980, the motion was denied and plaintiff appeals. Notwithstanding that a prior motion by the plaintiff for similar relief had been denied, we find no validity to defendants' claim that they would be prejudiced because this issue has been fully litigated previously and should now be "laid to rest". The instant motion is based on new facts which are sufficiently supported by medical proof from which it appears that the plaintiff's present injuries are causally related to the dog bites inflicted upon her (see *London v Moore,* 32 AD2d 543) and represent such an increase in the severity of her condition as could reasonably result in a verdict in excess of the $10,000 monetary jurisdiction of the Civil Court which is the demand set forth in her complaint therein (see *Huston v Rao,* 74 AD2d 127; *Moore v Wilson,* 51 AD2d 973; *Fling v McGregor, Swire Air Servs.,* 67 AD2d 901). By the proffered medical proof evincing a greater seriousness of the plaintiff's injuries, a re-evaluation of her damages is warranted (see *Wagner v Huntington Hosp.,* 65 AD2d 771; *Robbins v Sperlazza,* 72 AD2d 558). Nor do we find any merit in defendants' claims of prejudice in "that trial preparation will differ in action[s] where a defendant's maximum liability is $10,000 as opposed to one-half million dollars", or that an increase of the *ad damnum* demand in excess of the amount of defendants' insurance policy constitutes recognizable

prejudice because "defendants may have to incur the additional expense of retaining individual counsel to further represent their interests in the light of the excess liability of $400,000." In *Loomis v Corinno Constr. Corp.* (54 NY2d 18, 21, 22), the Court of Appeals held that "whether made before or after the verdict", a motion to increase the *ad damnum* clause of a complaint may be granted in the absence of prejudice, and that claims that the defendant might have retained his own counsel had he known that his liability could exceed his policy limit or that a "comparatively small sum in the original *ad damnum* clause might lull the defendant and his counsel into a false sense of security", have been found not to be persuasive or "a justification for the blanket denial of all postverdict amendments to the *ad damnum* clause." The court in *Loomis v Corinno Constr. Corp.* (*supra,* p 23), expressed the underlying rationale as follows: "Prejudice, of course, is not found in the mere exposure of the defendant to greater liability. Instead, there must be some indication that the defendant has been hindered in the preparation of his case or has been prevented from taking some measure in support of his position. (*Wyman v Morone,* 33 AD2d 168, 172 [Cooke, J., dissenting].)" In opposing the motion, the defendants contended that "[i]n view of the plaintiff's increased claim of injury, defendants are no longer satisfied with the earlier medical examination, and would require another opportunity to examine the plaintiff to determine whether there are new medical developments which warrant plaintiff's increased claim for injuries." Under the circumstances presented, Special Term abused its discretion in denying the motion. The order should be reversed and the motion granted, with leave to the defendants to conduct further physical and oral examinations (see *Moore v Wilson,* 51 AD2d 973, *supra*). Inasmuch as there is no showing of actual prejudice to defendants resulting from any delay which was here attributable in a large measure to the error of marking the Civil Court action "off the calendar" rather than marking it "withdrawn without prejudice", as intended, and which inadvertence was thereafter rectified by the consent order of March 18, 1980 restoring the case to the court calendar, the instant motion was not barred by laches (see *Hampton v Lefkowitz,* 72 AD2d 805). A delay without a showing of actual prejudice provides no basis for a denial of a motion to increase the *ad damnum* clause of a complaint (see *Hillenbrand v 3801 Review Place,* 72 AD2d 554). Hopkins, J. P., Damiani and Gibbons, JJ., concur; Cohalan and Weinstein, JJ., dissent and vote to affirm the order.