■ MEGAN M. FARLEY, an Infant, by Her Parent and Natural Guardian, FRANCIS FARLEY, Petitioner and FRANCIS FARLEY, Individually, Appellant, v COUNTY OF NASSAU et al., Respondents. — Order of the Supreme Court, Nassau County (Derounian, J.), dated March 20, 1981, affirmed insofar as appealed from. No opinion. Appeal from a further order of the same court, dated May 11, 1981, dismissed. No appeal lies from an order denying reargument. Respondents are awarded one bill of $50 costs and disbursements. Gibbons, J. P., Thompson, Rubin and Boyers, JJ., concur.

■ MIRIAM GOTTESMAN et al., Appellants, v BURTON BECK et al., Respondents. — In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Bellard, J.), dated March 23, 1981, as, upon reargument, adhered to the original determination denying their motion to remove the action from the Civil Court to the Supreme Court, and for leave to increase the *ad damnum* clause. Order reversed insofar as appealed from, on the law, with $50 costs and disbursements, order dated September 15, 1980 vacated, and motion granted. The papers submitted in support of the motion to remove the action and increase the *ad damnum* clause established prima facie that plaintiff Miriam Gottesman's injuries are now known to be more serious than was believed at the time the complaint was served. Defendants have failed to show any prejudice, other than exposure to greater potential liability, that would result from granting plaintiffs' motion. Accordingly, the motion to remove the action to the Supreme Court and to increase the *ad damnum* clause should have been granted (see *Loomis v Civetta Corinno Constr. Corp.*, 54 NY2d 18; *Robbins v Sperlazza*, 72 AD2d 558; *Hillenbrand v 3801 Review Place*, 72 AD2d 554; *Gable v Dellasalla*, 53 AD2d 659). Weinstein, J. P., Brown, Niehoff and Boyers, JJ., concur.