■ KINGSBURY WASTEPAPER CO., INC., Respondent, v NATIONAL SHREDDER COMPANY et al., Defendants, and SOLID WASTE MANAGEMENT SYSTEMS, INC., Appellant. — Order of the Supreme Court, Kings County (Hirsch, J.), entered January 6, 1982, affirmed insofar as appealed from, without costs or disbursements (see *Mill Print. & Lithographing Corp. v Solid Waste Mgt. Systems,* 65 AD2d 590). Mollen, P. J., Lazer, Mangano and Brown, JJ., concur.

■ ELLIOT MADDOX et al., Appellants, v CITY OF NEW YORK et al., Respondents. (And a Third-Party Action.) ELLIOT MADDOX, Appellant, v THOMAS CRIMMINS CONTRACTING CO. et al., Respondents. (And a Third-Party Action.) — In consolidated actions, *inter alia,* to recover damages for personal injuries, plaintiffs appeal from an order of the Supreme Court, Queens County (Hyman, J.), entered December 21, 1981, which denied their motion to increase the *ad damnum* clause from $1.5 million to $10 million in the first cause of action of Action No. 1 and in Action No. 3. Order reversed, with one bill of $50 costs and disbursements payable jointly by respondents, and motion granted. Respondents are granted leave to conduct further physical examinations of plaintiff Elliot Maddox, if they be so advised, upon written notices of not less than 10 days. Elliot Maddox (hereafter plaintiff) injured his knee while playing professional baseball in Shea Stadium in June, 1975 and brought actions in 1976 and 1977 against various parties. His bill of particulars specified that the injury made his knee "subject to osteoarthritic changes" and prevented him from playing on a full-time basis. In late 1981 plaintiff moved to increase the *ad damnum* clauses in question from $1.5 million to $10 million because he had recently developed signs of arthritis in his knee and his worsening condition had effectively put a complete end to his athletic career. A physician's affirmation supported his contentions (see *Germinario v Seatrain Lines,* 81 AD2d 540). No prejudice to the respondents was suggested other than the mere increase in their liability exposure and the need for further investigation by the municipal respondent because its prior investigation had been proportioned in an unspecified way to the original *ad damnum* amount. Since there was no showing of prejudice to respondents indicating that they had been hindered in preparing their case or prevented from taking some measure in support of their position, the motion to amend the complaints so as to increase the *ad damnum* clauses in question should have been granted (see *Loomis v Civetta Corinno Constr. Corp.,* 54 NY2d 18). Damiani, J. P., O'Connor, Rubin and Boyers, JJ., concur.