■ MARY C. FAHY et al., Appellants, v HERTZ CORP., CAR LEASE DIV., et al., Respondents. — In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Lerner, J.), entered January 13, 1982, as denied the branch of their motion which sought to increase the *ad damnum* clause of the complaint from $500,000 to $5,000,000 on the first cause of action, asserted on behalf of plaintiff Mary C. Fahy, and from $100,000 to $1,000,000 on the second cause of action, asserted on behalf of plaintiff Roger B. Fahy. Order reversed, insofar as appealed from, with one bill of $50 costs and disbursements payable jointly by respondents appearing separately and filing separate briefs, and that branch of the plaintiffs' motion which seeks to increase the *ad damnum* clause is granted. Respondents are granted leave to conduct further physical examinations of plaintiff Mary C. Fahy, if they be so advised, upon written notice of not less than 10 days. On December 17, 1974 a vehicle owned by defendant Hertz Corp. and driven by defendant Kenneth B. Ward struck the rear of a vehicle driven by plaintiff Mary C. Fahy as she slowed down due to her observation of a large hole in the roadway. The instant action to recover damages for the personal injuries sustained by Mary Fahy in the accident and for loss of her consortium and services sustained by her husband, Roger, was commenced in 1975. According to the schedule of "Injuries and Permanencies", which was annexed to the verified bill of particulars served by plaintiffs in 1976, the primary injury was a severe sprain of the cervical spine with attendant psychiatric reactions. With regard to her psychiatric history, plaintiff Mary Fahy's state deteriorated from one of nervousness and anxiety to a point necessitating her institutionalization for an extended period. The schedule of "Injuries and Permanencies" included unconsciousness, cerebral concussion, severe posttraumatic anxiety reaction, severe shock,

phobic and depressive reactions and a prognosis that there would be further psychiatric and somatic overlay with resultant disabilities and physical and psychosomatic degeneration. By notice of motion dated November 11, 1980, plaintiffs moved to increase the *ad damnum* clause from an aggregate amount of $600,000 to $2,500,000. The application was denied by Justice Angelo Graci by order dated December 12, 1980 on the ground that it was supported solely by an affidavit of plaintiffs' counsel which merely indicated that the injured plaintiff was hospitalized on three occasions in 1980. While the court specifically noted that a delay in making the instant motion would not per se constitute an acceptable ground for denial, inasmuch as defendants had failed to demonstrate that they would suffer actual prejudice, it found no evidence of additional medical damages, stating: "Nor have plaintiffs set forth in support of their application a medical affidavit to support such additional medical damages and the causal relationship of such additional medical damages to the accident of 1974 (*Koi v P.S.&M. Catering Corp.* [15 AD2d 775]; *Battaglia v Elliot Development Corporation,* 34 AD2d 980 * * *). Thus, there is no competent evidence on which to grant plaintiffs' request to increase their claim for pain and suffering (*Prenderville v City of New York,* 67 AD2d 725 * * *). In addition, there are also absent from the moving papers the original complaint, answer (CPLR 2214, subd [c]) and the proposed amended complaint." In June, 1981, plaintiffs moved to restore the case to the Trial Calendar, to renew their prior motion to increase the *ad damnum* clause of their complaint and for leave to serve a supplemental bill of particulars. Due to a clerical oversight, however, the proper supporting papers were again omitted and the motion was subsequently withdrawn by plaintiffs. Six months later, plaintiffs reinstituted their motion for the foregoing relief, requesting that it be referred to Justice Graci who had previously denied the application for leave to amend the *ad damnum* clause. The supporting papers included affidavits by plaintiff Roger B. Fahy and by an examining psychiatrist in addition to an affirmation by plaintiffs' counsel. The motion was heard by Justice Alfred D. Lerner who, *inter alia,* denied leave to amend the *ad damnum* clause on the ground that such relief had previously been denied by order of Justice Graci and "this court finds no justification for disturbing such order". It is from that portion of the aforesaid order that the instant appeal is taken. We note that the prior order denying plaintiffs' motion to increase the *ad damnum* clause of their complaint does not constitute the law of the case because said order was impliedly made without prejudice to renewal on proper papers. Since the order of Justice Graci, dated December 12, 1980, did not determine plaintiffs' prior motion on the merits and since the renewal motion was not one to vacate or modify the original, referral of the latter motion to the original court was not mandated by CPLR 2221 (see *Best v New York City Tr. Auth.,* 88 AD2d 579). Dr. Lawrence I. Kaplan, who had examined the injured plaintiff Mary Fahy on July 22, 1975 and again on November 7, 1978, reviewed the medical reports and hospital records, including the record of her admission to Creedmoor Psychiatric Center on September 23, 1980 and concluded in an affirmation in support of plaintiffs' motion that his patient had not exhibited any psychiatric disorder prior to the December 17, 1974 accident. He diagnosed her illness as "a posttraumatic severe depressive reaction of the involutional type, with progressive deterioration over the years since the accident in 1974". The prognosis was "seriously guarded in view of the severity of her condition and its apparent irremediability". The instant motion is based upon new facts which are amply supported by medical proof from which it appears that the plaintiff Mary Fahy's present condition is causally related to the 1974 accident (see *London v Moore,* 32 AD2d 543). Insofar as the proffered medical proof cogently evinces a greater degree of seriousness respecting the plaintiff Mary Fahy's injuries, a re-

evaluation of damages is warranted (*Bachtinger v Yee,* 85 AD2d 705). As is well settled, mere delay in making a motion to increase an *ad damnum* clause is not per se an acceptable ground for denial; defendants must demonstrate in what manner they would be actually prejudiced thereby (*Cardone v New York Univ. Med. Center [Univ. Hosp.],* 78 AD2d 645; *Hampton v Lefkowitz,* 72 AD2d 805; *Hillenbrand v 3801 Review Place,* 72 AD2d 554). At bar, defendants have not demonstrated such prejudice. There has been no showing that defendants' investigative efforts have been proportioned to the original *ad damnum* amount. Notwithstanding the increase in defendants' liability exposure and the probable need for further investigation, there has been no showing of prejudice indicating that defendants have been hindered in the preparation of their case or prevented from taking some measure in support of their position (*Loomis v Civetta Corrino Constr. Corp.,* 54 NY2d 18, mot for rearg den 55 NY2d 801; *Maddox v City of New York,* 90 AD2d 535). Moreover, there is nothing in this record to indicate that plaintiffs personally and deliberately withheld or concealed information pertinent to the condition of plaintiff Mary Fahy (see *Mizrachi v Mizrachi,* 87 AD2d 837). Accordingly, that branch of plaintiffs' motion which sought an increase of the *ad damnum* clause should have been granted. Titone, J. P., Thompson, Weinstein and Niehoff, JJ., concur.