■ In the Matter of ALEX SCHWARTZ et al., Respondents, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants. — In a negligence action to recover damages for personal injuries, defendants appeal from an order of the Supreme Court, Kings County (Pizzuto, J.), dated August 16, 1983, which, upon granting plaintiffs' motion for reargument, granted their application pursuant to CPLR 325 (subd [b]) removing the action from the Civil Court of the City of New York to the Supreme Court, Kings County, for a trial on the issue of damages and pursuant to CPLR 3025 (subd [b]) for leave to amend the *ad damnum* clause of the complaint.

Order modified so as to provide that upon reargument, plaintiffs' motion to transfer the action and to amend the *ad damnum* clause of the complaint is denied, without prejudice to a further motion to amend the *ad damnum* clause to an amount within

the present monetary jurisdictional limit of the Civil Court of the City of New York. As so modified, order affirmed, without costs or disbursements.

The action arises out of a collision which occurred on August 24, 1977 between a New York City Transit Authority bus and a vehicle operated by plaintiff Alex Schwartz in which his wife, plaintiff Leanne Schwartz, was a passenger. The action was commenced on or about March 2, 1978 in the Civil Court of the City of New York. Apparently the choice of forum was based upon plaintiffs' belief that their injuries were limited to minimal soft tissue damage. Approximately one year after the action was commenced, plaintiffs came under the care of a Dr. Glanzman, who conducted a reevaluation of their injuries. Among other things, in November, 1979 he referred Leanne Schwartz to a specialist who, based upon an arthrogram, determined that she had a "mild thinning" of the cartilage in her right knee. Approximately seven months thereafter, in June, 1980, plaintiffs moved in the Supreme Court, Kings County, pursuant to CPLR 325 (subd [b]) to remove the action to that court. By order dated August 8, 1980, Special Term denied the motion stating that "[e]ach of the plaintiffs may be sufficiently compensated under the jurisdiction of the court in which the action is presently pending". No appeal was taken from that order.

Nearly three years later, on April 11, 1983, the case came on for trial in the Civil Court. According to plaintiffs, a scheduling problem prevented Dr. Glanzman, who was to testify as to damages, from appearing on the trial date and so a bifurcated trial was ordered. On the second day of the liability portion of the trial the jury returned a verdict finding the defendant Transit Authority 50% at fault. The following day plaintiffs moved orally to sever the case of Leanne Schwartz. Counsel asserted that upon learning of the liability verdict he contacted Dr. Glanzman to arrange for his appearance at the damages phase of the trial. At that time the doctor informed counsel that he had just looked for the first time at the arthrograms and had observed that there was a definite tear in the meniscus of Leanne Schwartz's right knee. The doctor indicated his view that the specialist who had originally diagnosed her injury in 1979 had misread the arthrograms. After questioning Dr. Glanzman, the court denied the application for a severance, but adjourned the damages phase of the trial until June 6, 1983.

Plaintiffs then moved in the Supreme Court, Kings County, to remove the action to that court from the Civil Court and to amend the complaint by increasing the *ad damnum* clause from $10,000 for each plaintiff to $500,000 for each plaintiff's personal injuries and $50,000 for loss of service. In support of their

application, plaintiffs asserted essentially that based upon their most recent review of their injuries, they could not be adequately compensated within the $10,000 jurisdictional limit of the Civil Court. Defendants argued that plaintiffs had not only failed to offer a legally tenable excuse for the delay in making the application, but had also failed to establish by credible and convincing medical evidence that there has been an aggravation in injuries which would justify a recovery in excess of $10,000. Finally, the defendant Transit Authority argued that it had been prejudiced by plaintiffs' delay in making the application until after a liability verdict had been rendered. It was asserted that because of the original choice of court the case had been assigned to a less experienced attorney rather than one with Supreme Court experience.

Special Term originally denied the application in all respects, noting, *inter alia,* that "there has not * * * been a sufficient showing that the demand in the complaint is inadequate", and further that "[s]hould the evidence at trial indicate otherwise, the trial judge, upon motion, has the option to increase damages even after the verdict". Upon reargument, however, Special Term, recognizing that regardless of the evidence presented, a Civil Court Judge would be powerless to increase the *ad damnum* clause of the complaint beyond the monetary jurisdictional limit of that court, granted the plaintiffs' motion, upon condition that they submit to further physical examinations if requested.

While it is true, as plaintiffs argue, that a court may in its discretion grant leave to increase an *ad damnum* clause even after verdict, absent a showing of prejudice (*Loomis v Civetta Corinno Constr. Corp.,* 54 NY2d 18), leave to amend pleadings will not be granted in all cases. Where a case has long been certified as ready for trial or, as here, is in the midst of trial, the court should exercise its discretion with caution (see *Shanahan v Shanahan,* 92 AD2d 566). In our view, under the circumstances here present, it was an abuse of discretion to remove the case to the Supreme Court and to grant leave to amend the *ad damnum* clause. Although a delay in moving to amend an *ad damnum* clause does not in and of itself warrant a denial of the motion (see *Loomis v Civetta Corinno Constr. Corp., supra*), in this case plaintiffs initially reevaluated their injuries approximately two years after the accident and were rebuffed at that time in their effort to remove the case to the Supreme Court. Rather than take an appeal from that order, they waited nearly three years until the case was literally in the middle of trial before seeking what was in effect a renewal of the prior motion based upon new evidence. However, no explanation whatsoever

was offered for their delay in obtaining the new evidence (i.e., a more extensive reevaluation of the injuries) during the intervening period. Further, there is nothing in the record to indicate that the injuries, as presently alleged, were nonexistent at the time of the original motion, have been aggravated since that time, or that for some other reason plaintiffs were prevented from discovering at that time or shortly thereafter the true extent of those injuries (see *Foley v Roche,* 68 AD2d 558). In light of plaintiffs' dilatory conduct in making their renewed motion to remove the action to the Supreme Court and the lack of any justifiable excuse, the motion should have been denied (cf. *Best v New York City Tr. Auth.,* 88 AD2d 579).

Moreover, we are not convinced on this record that the plaintiffs cannot be adequately compensated for their injuries within the jurisdictional limit of the Civil Court. We would point out in this regard that both the New York State Constitution and the New York City Civil Court Act have been amended to increase the monetary jurisdiction of that court from $10,000 to $25,000 (NY Const, art VI, § 15, as amd Nov. 8, 1983; CCA 202, as amd by L 1984, ch 11, eff Feb. 21, 1984). Weinstein, Brown and Lawrence, JJ., concur.

Lazer, J. P., dissents and votes to affirm the order appealed from, with the following memorandum: I cannot agree that Special Term abused its discretion when it ordered this case removed to the Supreme Court and permitted plaintiffs to amend the *ad damnum* clause of their complaint. In affidavits supporting the motion for that relief, plaintiff Leanne Schwartz and her physician asserted that it is now known that her injuries were more serious than they were believed to be when the action was commenced in 1978 and that the delay in moving for proper relief stemmed from an erroneous diagnosis made by another physician. While it was originally thought that Mrs. Schwartz had suffered only minimal soft tissue injuries, her physician now avers that she sustained a tear of the meniscus of the right knee, a permanent injury which causes her much pain and discomfort. In a report annexed to the physician's affidavit, a radiologist concurs in the diagnosis of torn meniscus. Mrs. Schwartz alleges that she suffers severe pain in the right knee and has "buckling and instability", locking of the knee and pain in the left shoulder. A motion to amend the *ad damnum* clause is addressed to the sound discretion of the court and should generally be granted in the absence of prejudice to the defendant (*Loomis v Civetta Corinno Constr. Corp.,* 54 NY2d 18). Prejudice does not derive, of course, from mere exposure to greater liability, for defendants must establish that they have been hindered

in the preparation of their case or prevented from taking measures in support of their position (*Loomis v Civetta Corinno Constr. Corp., supra,* p 23; *Bachtinger v Yee,* 85 AD2d 705). Here, the defendants' alleged assignment of a less experienced attorney to try the case in the Civil Court has not been shown to have resulted in prejudice; indeed, the attorney succeeded in achieving a 50-50 apportionment of liability. Nor is there any claim that defendants restricted their investigative efforts on the basis of the low *ad damnum* (*Fahy v Hertz Corp.,* 92 AD2d 581; *Maddox v City of New York,* 90 AD2d 535). Absent prejudice, the delay in bringing the motion is not a ground for its denial (*Bachtinger v Yee, supra; Hillenbrand v 3801 Review Place,* 72 AD2d 554).

I conclude, then, that the removal of the case to the Supreme Court was amply supported by the uncontradicted evidentiary proof that Mrs. Schwartz's condition is more serious than was originally anticipated or diagnosed (see *Gottesman v Beck,* 88 AD2d 632; *Robbins v Sperlazza,* 72 AD2d 558) and she should not be penalized for this underevaluation (see *Matter of Miranda v City of New York,* 81 AD2d 792). Although the majority seems to draw solace from the fact that the monetary jurisdiction of the Civil Court has recently been increased from $10,000 to $25,000 (L 1984, ch 11), that sum seems hardly adequate to compensate for a torn meniscus that causes present pain and instability and which will plague Mrs. Schwartz permanently. There certainly has been a prima facie showing that plaintiffs' recovery may exceed the Civil Court's jurisdiction (see *Huston v Rao,* 74 AD2d 127; *Matter of Moss v Buccola,* 40 AD2d 994).