■ In the Matter of LAWRENCE KADISH, Appellant, v GILBERT M. COLOMBO, JR., et al., Respondents.—In a proceeding pursuant to Real Property Tax Law article 7, *inter alia,* to review a determination of the respondents denying the petitioner's application for an agricultural value assessment, dated December 20, 1982, the petitioner appeals from (1) so much of a judgment of the Supreme Court, Nassau County (Burke, J.), dated July 11, 1983, as granted the respondents' motion to dismiss the petition insofar as it sought to review the denial of the petitioner's application for an agricultural value assessment, and (2) so much of an order of the same court, dated April 4, 1985, as denied his motion for reargument.

Judgment affirmed insofar as appealed from, without costs or disbursements.

Appeal from the order dismissed, without costs or disbursements. No appeal lies from so much of an order as denied a motion to reargue.

Although Special Term referred to the petitioner's motion as one for renewal and reargument of the proceeding resulting in the judgment under review, the motion was based not upon new facts, but upon new legal argument, and is therefore actually a motion to reargue, the denial of which is not appealable *(see, Schaefer v Long Is. R. R.,* 112 AD2d 153; *F & G Heating Co. v Board of Educ.,* 103 AD2d 791, *appeal dismissed* 64 NY2d 1109; *Matter of State Farm Mut. Auto. Ins. Co. v Wernick,* 90 AD2d 519). Even if this court were to accept the petitioner's characterization of the motion as one to renew, it was based upon evidence available at the time of the original motion and the petitioner has not offered a reasonable excuse for his failure to produce the evidence at the time of the original motion. Thus the court did not abuse its discretion in denying the motion *(see, Caffee v Arnold,* 104

AD2d 352; *Matter of Schwartz v New York City Tr. Auth.,* 104 AD2d 370, *appeal dismissed* 63 NY2d 914; *Foley v Roche,* 68 AD2d 558).

Furthermore, the court did not err in dismissing the petition to the extent that it sought to review the respondents' determination denying the petitioner's application for an agricultural value assessment. That determination was supported by the weight of the evidence, and the petitioner's general, conclusory denial of any wrongdoing did not serve to rebut the presumption of validity attached to the respondents' assessment of his property *(see, Farash v Smith,* 59 NY2d 952; *Matter of Manno v Finance Administrator of City of N. Y.,* 92 AD2d 896). Gibbons, J. P., Weinstein, Lawrence and Eiber, JJ., concur.