■ JOAN ARRIETA, Respondent, v E-Z TECH, INC., et al., Appellants.—In a negligence action to recover damages for personal injuries, etc., the defendants appeal from so much of an order of the Supreme Court, Queens County (Joy, J.), dated March 23, 1987, as, upon reargument, adhered to the original determination dated December 3, 1986, granting the plaintiff's motion for leave to amend the complaint by increasing the ad damnum clause and for removal of the action from the Civil Court to the Supreme Court.

Ordered that the order is reversed insofar as appealed from, with costs, and upon reargument the order dated December 3, 1986 is vacated, the motion is denied, and the matter is remitted to the Civil Court of the City of New York, Queens County, for further proceedings.

We find that the Supreme Court abused its discretion in granting the plaintiff's motion to, *inter alia,* amend the complaint by increasing the ad damnum clause from $10,000 to $1,250,000. The plaintiff sought leave to amend her complaint approximately 20 years after the accrual of the cause of action. The affidavits submitted in support of the motion, however, failed to satisfy the standards enunciated by this court in *Dolan v Garden City Union Free School Dist.* (113 AD2d 781). Specifically, the plaintiff failed to provide a reasonable explanation to justify the inordinate delay in submitting

the motion to amend and she did not submit sufficient medical proof attesting to the causal connection between the injuries delineated in the original complaint and the medical treatment which was subsequently rendered. Moreover, the medical affidavit submitted by the plaintiff failed to specify the change in her condition, the injuries which had not been considered previously or the extent to which the condition had become aggravated *(see, Matter of Schwartz v New York City Tr. Auth.,* 104 AD2d 370, *appeal dismissed* 63 NY2d 914; *Brennan v City of New York,* 99 AD2d 445).

In addition to the foregoing, the defendants amply demonstrated that they would suffer undue prejudice as a result of the amendment and as a consequence of the approximately 17 years which had elapsed between the commencement of the lawsuit and the motion to amend. Accordingly, the order dated December 3, 1986, is vacated and the matter is remitted to the Civil Court of the City of New York, Queens County, for further proceedings. Lawrence, J. P., Rubin, Eiber and Harwood, JJ., concur.