■ VIRGINIA LIGON, Respondent, v METROPOLITAN SUBUR-

BAN BUS AUTHORITY et al., Appellants.—In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Becker, J.), dated February 22, 1988, as granted the plaintiff's motion for leave to serve a supplemental bill of particulars and to increase the ad damnum clause of the complaint from $500,000 to $1,000,000, and denied the defendants' cross motion for a new trial on the issue of liability.

Ordered that the order is modified by deleting therefrom the provision granting the plaintiff's motion for leave to serve a supplemental bill of particulars and to increase the ad damnum clause of the complaint from $500,000 to $1,000,000, and substituting therefor a provision denying the plaintiff's motion, with leave to renew on the proper papers; as so modified, the order is affirmed insofar as appealed from, with costs to the defendants.

Although the general rule is that leave to amend "shall be freely given upon such terms as may be just" (CPLR 3025 [b]), when an amendment to a pleading or a bill of particulars is sought after "a case has long been certified as ready for trial, judicial discretion in allowing amendments should be 'discreet, circumspect, prudent and cautious' " (Smith v Sarkisian, 63 AD2d 780, 781, affd 47 NY2d 878, quoting from Symphonic Elec. Corp. v Audio Devices, 24 AD2d 746). The circumstances here are unusual in that the plaintiff has prevailed at trial on the issue of liability and now seeks to prove more severe injuries and seeks higher damages at the trial to be held with respect to damages. In support of the instant motion the plaintiff failed to submit either her own affidavit, or a medical affidavit demonstrating the causal relationship between the more severe injuries now claimed by her and the accident itself (see, Dolan v Garden City Union Free School Dist., 113 AD2d 781). Under these circumstances, we conclude that granting leave to the plaintiff to amend the ad damnum clause and to supplement and amend the bill of particulars was an improvident exercise of discretion (see, Arrieta v E-Z Tech, 138 AD2d 657). Thompson, J. P., Brown, Lawrence and Rubin, JJ., concur.