■ YONK KYUN LEE, Appellant, v ALFRED GOLDSTROM et al., Respondents.—Order, Supreme Court, Westchester County (Harold L. Wood, J.), entered on or about February 28, 1989, to the extent that it denied so much of plaintiff's motion as sought to amend the complaint to increase the ad damnum in this action for fraud, unanimously affirmed, with costs and disbursements.

Plaintiff contracted to purchase a wholesale shoe supply business from defendants in 1985 for $125,000, 40% to be paid at the outset and the balance to be secured by notes. Six months later, claiming he had been defrauded, plaintiff ceased paying on the notes, and brought this action for rescission

plus $125,000 in compensatory damages and $500,000 in punitive damages, alleging misrepresentation of the value of the inventory he had purchased, of the size and quality of the customer list and of the availability of credit lines with suppliers. During the trial, which commenced in November 1988, plaintiff unexpectedly testified that in addition to the $125,000 obligation under the contract, he had also paid an additional $50,000 in cash consideration "under the table". The Trial Judge immediately declared a mistrial. Two months later, in January 1989, plaintiff moved to amend the complaint to increase the compensatory ad damnum to $175,000, and to amend the caption to substitute defendant Ruth Goldstrom as representative of the estate of defendant Alfred Goldstrom, who had just died. In support of the increased ad damnum, plaintiff asserted in his affidavit that he had made the additional payment of $50,000 cash, outside the contract, on the representations of defendants' son, Steven Goldstrom, who had told him that such secret payments were the way business was transacted in this country. This information did not come to the attention of plaintiff's attorney until November 1988, when plaintiff was being prepared for trial.

The exercise of discretion in considering a motion to increase the ad damnum is directed primarily at the avoidance of prejudice to the defendants (*Loomis v Civetta Corinno Constr. Corp.,* 54 NY2d 18, *rearg denied* 55 NY2d 801), although unexplained delay might still preclude amendment in a given case (*see, Matter of Schwartz v New York City Tr. Auth.,* 104 AD2d 370, 372-373, *appeal dismissed* 63 NY2d 914). In the instant case, the introduction of an issue of agency, by reason of the alleged representations of nonparty Steven Goldstrom, raised four years after the fact, would cause substantial prejudice to defendants in their ability to prepare their case, particularly in light of the intervening death of Alfred Goldstrom, the key party to the transaction on behalf of the defendants. Accordingly, the trial court's exercise of discretion should not be disturbed. Concur—Kupferman, J. P., Ross, Ellerin, Wallach and Rubin, JJ.