■ S.P. DUGGAL CORP., Doing Business as DUGGAL INTERNATIONAL, et al., Appellants, v AETNA CASUALTY AND SURETY COMPANY et al., Respondents. [638 NYS2d 464] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered on or about January 11, 1995, which denied plaintiff insureds' motion for a retransfer from the Civil Court to Supreme Court and for leave to amend the complaint to increase the *ad damnum* clause, unanimously modified, on the facts, to grant the motion for a retransfer, and to grant the motion to amend as against defendant Gotham Brokerage Company, Inc. ("Gotham") only, and otherwise affirmed without costs.

Although leave to amend to pleadings "shall be freely given" (CPLR 3025 [b]), here the IAS Court properly declined to permit plaintiffs to increase the *ad damnum* clause as against defendant insurer The Aetna Casualty and Surety Company ("Aetna") because the underlying negligence theory of liability upon which plaintiffs seek to proceed against Aetna is without merit. Specifically, plaintiffs' attempt to hold insurer Aetna vicariously liable for the negligence of defendant broker Gotham in procuring inadequate insurance for plaintiffs lacks a foundation in precedent.

However, the IAS Court erred in not granting the motion to amend the *ad damnum* clause as to defendant broker Gotham. We note that defendant broker Gotham never sought dismissal of the negligence cause of action against it, and no such dismissal was implicit in this Court's determination on the prior appeal (181 AD2d 472, *lv denied* 80 NY2d 753). That appeal concerned plaintiffs' contract cause of action against defendant insurer Aetna and nothing in those prior proceedings can be said to have given plaintiffs notice that our ruling was also intended to dispose of their negligence cause of action against defendant broker Gotham. Indeed, Gotham has not even seen fit to appear on this appeal. Thus, to deny the motion as against Gotham by reliance on the doctrine of law of the case would, under the circumstances, be inappropriate. Turning to the merits of plaintiffs' motion to amend the complaint as against Gotham, we conclude that it should have been granted because plaintiffs have shown that they have a cognizable cause of action against Gotham and that the damages, if proven, may reasonably be expected to exceed those currently set forth in the *ad damnum* clause (*see, e.g., Fahy v Hertz Corp.*, 92 AD2d 581; *Bachtinger v Yee*, 85 AD2d 705).

In light of the foregoing, that branch of the plaintiffs' motion which sought to have this entire action retransferred from Civil Court to Supreme Court should have been granted. Concur—Sullivan, J. P., Ellerin, Ross, Tom and Mazzarelli, JJ.