■ LINDA LOPEZ, Appellant-Respondent, v JEFFREY ALEXANDER, Respondent-Appellant. [672 NYS2d 925] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Barasch, J.), dated March 13, 1997, as denied her motion, *inter alia,* to remove the action from the Civil Court to the Supreme Court and for leave to serve an amended complaint increasing the ad damnum clause. The defendant cross-appeals from so much of the same order as denied his cross motion to change the venue of the action to Queens County.

Ordered that the cross appeal is dismissed, without costs or disbursements, for failure to perfect the same in accordance with the rules of the Court (*see,* 22 NYCRR 670.8 [c], [e]); and it is further.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff alleged that the injuries which she sustained when she slipped and fell on ice on the sidewalk in front of the driveway of the defendant's house were caused by his negligence in maintaining the premises. More than two years after commencing an action in the Civil Court, Queens County, the plaintiff moved, *inter alia,* to remove the action to the Supreme Court, Kings County, citing new medical information which had only recently come to her attention indicating that she had incurred far greater damages than those alleged in the original complaint.

A motion to increase the ad damnum clause based on a claim of increased injuries must be supported by a twofold showing. First, the motion must be accompanied by an affidavit by the plaintiff " 'showing the merits of the case, the reasons for the delay, and the fact that the increase is warranted by reason of facts which have recently come to the attention of the plaintiff[s] and excusing the failure or negligence necessitating the amendment so far as these facts are within the knowledge of the plaintiff[s]' " (*London v Moore,* 32 AD2d 543, quoting *Koi v P.S. & M. Catering Corp.,* 15 AD2d 775, 776; *see also, Dolan v Garden City Union Free School Dist.,* 113 AD2d 781, 785). Second, the motion must be accompanied by a doctor's affidavit or affirmation showing a causal connection between the injury and a consistent course of treatment for the accident-caused injuries (*see, London v Moore, supra).* Since the plaintiff's affidavit failed to demonstrate the merits of the case, the motion was properly denied. The law is well settled that an abutting landowner will not be liable to a pedestrian passing by on a

public sidewalk unless the landowner created the defective condition or caused the defect to occur because of some special use (see, *Rubenstein v DeGeorgio*, 236 AD2d 383). The affidavit which the plaintiff submitted in support of the motion failed to indicate that the defendant created the icy condition or that his special use of the sidewalk as a driveway was a proximate cause of the condition, and accordingly, that the action had any merit (see, *Rubenstein v DeGeorgio, supra*). The plaintiff has thus failed to establish her entitlement to the relief which she sought. O'Brien, J. P., Thompson, Friedmann and Goldstein, JJ., concur.