Deutsche Bank Natl. Trust Co. v Bruno (2025 NY Slip Op 03706)

Deutsche Bank Natl. Trust Co. v Bruno

2025 NY Slip Op 03706

Decided on June 18, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 18, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2023-04781
2023-06735
 (Index No. 31926/08)

[*1]Deutsche Bank National Trust Company, etc., respondent, 
v
Lisa W. Bruno, etc., appellant, et al., defendants.

Jeffrey Herzberg, P.C., Hauppauge, NY, for appellant.
McGlinchey Stafford PLLC, New York, NY (Rajdai D. Singh and Aleksandr Altshuler of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Lisa W. Bruno appeals from (1) an order of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), dated April 3, 2023, and (2) an order and judgment of foreclosure and sale (one paper) of the same court entered April 12, 2023. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were to confirm a referee's report and for a judgment of foreclosure and sale. The order and judgment of foreclosure and sale, insofar as appealed from, granted the same relief to the plaintiff and directed the sale of the subject property.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]).
On July 5, 2005, Wagner Bruno (hereinafter the decedent) executed a note in the sum of $413,250 in favor of First Franklin. The note was secured by a mortgage on certain real property located in Huntington Station. In August 2008, the plaintiff, as successor in interest to First Franklin, commenced this action to foreclose the mortgage against, among others, the decedent. In an order dated May 12, 2009, the Supreme Court granted the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the decedent and for an order of reference, and appointed a referee to compute the amount due to the plaintiff.
Thereafter, the plaintiff moved for a judgment of foreclosure and sale. In an order dated August 3, 2011, the Supreme Court denied the plaintiff's motion, without prejudice to renew upon the submission of proper papers. The court directed that the plaintiff was to submit, inter alia, an affirmation from its attorney in accordance with Administrative Order 548/10 and "an updated affidavit of regularity/merit from the plaintiff/lender/bank's representative" "on any future application."
The decedent died on March 17, 2012, and Lisa W. Bruno (hereinafter the defendant) was appointed as administrator of the decedent's estate. Thereafter, the plaintiff filed a supplemental summons and amended complaint against, among others, the defendant.
In October 2022, the plaintiff moved, inter alia, to confirm the referee's report and for a judgment of foreclosure and sale. In support of the motion, the plaintiff submitted, among other things, an affirmation from its attorney, Stephen M. Valente. Valente indicated that he consulted with John Bullock of Bank of America, N.A., as successor by merger to BAC Home Loans Servicing, L.P., servicing agent for the plaintiff, and that Bullock personally reviewed the plaintiff's documents and records for accuracy, confirmed the accuracy of the allegations set forth in the complaint, and verified the accuracy of notarizations contained in supporting documents. The plaintiff also submitted an affidavit of Cynthia May, an officer of Select Portfolio Servicing, Inc. (hereinafter SPS), the plaintiff's attorney-in-fact. May averred that she was familiar with SPS's records and record-keeping practices, that SPS conducts quality control and verification of information received from prior loan servicers to ensure the accuracy of records incorporated into SPS's records, and that based upon her review of the records, the balance due was the sum of $896,956.35 as of May 20, 2022.
In an order dated April 3, 2023, the Supreme Court, inter alia, granted those branches of the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale. In an order and judgment of foreclosure and sale entered April 12, 2023, the court, among other things, granted the same relief to the plaintiff and directed the sale of the property. The defendant appeals.
Contrary to the defendant's contention, the doctrine of law of the case is not applicable to the order dated August 3, 2011. "'The law of the case doctrine applies only to legal determinations that were necessarily resolved on the merits in a prior decision and to the same questions presented in the same case'" (Kanes v Kanes, 230 AD3d 662, 664 [internal quotation marks omitted], quoting U.S. Bank N.A. v Moss, 186 AD3d 1753, 1753). Here, the order dated August 3, 2011, did not make any determination on the merits, but rather denied the plaintiff's motion for a judgment of foreclosure and sale, without prejudice to renew upon the submission of proper papers. Thus, the Supreme Court's directives in that order that the plaintiff submit certain papers "on any future application" did not constitute the law of the case (see Fahy v Hertz Corp., Car Lease Div., 92 AD2d 581, 582).
Furthermore, to the extent the defendant contends that the Supreme Court should have denied those branches of the plaintiff's motion where were to confirm the referee's report and for a judgment of foreclosure and sale on the ground that the plaintiff failed to comply with the requirements of Administrative Order 548/10, this contention is without merit. The plaintiff substantially complied with Administrative Order 548/10 by submitting, among other things, (1) an attorney affirmation indicating, inter alia, that the plaintiff's documents were reviewed for accuracy and that the accuracy of the allegations in the complaint was confirmed, and (2) an affidavit of merit from an officer of the plaintiff's attorney-in-fact attesting to the balance due. Moreover, the court providently exercised its discretion in disregarding minimal defects in the plaintiff's submissions, as no substantial right of the defendant will be affected therefrom (see CPLR 2001; HSBC Bank USA, N.A. v Dalessio, 137 AD3d 860, 862; U.S. Bank N.A. v Eaddy, 109 AD3d 908, 910).
The defendant's remaining contention is improperly raised for the first time in her reply brief (see Panzo v Keyspan Corp., 176 AD3d 961, 963).
DILLON, J.P., WOOTEN, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court