HYMAN FISCHER, as Surviving Partner of HYMAN FISCHER and Another, Doing Business as THREE STAR SKIRT & DRESS Co., Respondent, v. FRANK J. VITALE et al., Appellants.— In an action on a judgment, defendants appeal from an order denying their motion to dismiss the complaint for failure to prosecute. Order affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Johnston, Adel, Wenzel and MacCrate, JJ., concur.

■

JOHN FROEHLICH, Respondent, v. SUSAN K. NORTON, Appellant, et al., Defendants.— In an action in ejectment, order denying appellant's motion to dismiss the complaint on the ground that it does not state facts sufficient to constitute a cause of action reversed on the law, with $10 costs and disbursements, and motion granted, without costs. Appellant came into possession of the subject premises under a written lease for the term of her life, and the ground upon which the action is based, as alleged in the complaint, is that appellant violated the covenant in the lease prohibiting the tenant from assignment or subletting, the further allegation of the complaint being that appellant assigned the lease and underlet the premises to defendant Stevenson. The complaint fails to allege that the respective notices required to be given by a landlord under paragraph (a) of subdivision 1 of section 12 of the State Residential Rent Law (L. 1946, ch. 274, as amd. by L. 1950, ch. 250) and under sections 52 and 53 of the Rent and Eviction Regulations of the Temporary State Housing Rent Commission, for the purpose of entitling the landlord to evict the tenant on the ground of violating a substantial obligation of the tenancy, were given by respondent to appellant. The fact that the stated statute and regulations did not become effective until May 1, 1950, subsequent to the occurrence of the alleged violation and the giving of a notice by respondent to appellant as required by the provisions of the lease, which notice is different from the notices contemplated by the statute and regulations, does not render the statute and regulations unconstitutional in that respect. The statute and regulations apply regardless of the fact that the nature of the action is ejectment and that the term of the lease was for the period of a lifetime rather than for a fixed term. Nolan, P. J., Carswell, Johnston, Sneed and Wenzel, JJ., concur.