■ NORTHERN INSURANCE COMPANY OF NEW YORK, Plaintiff, v. CAROLINE KREGSMAN, Defendant. IRVING SCHALIT et al., Respondents, v. CAROLINE KREGSMAN, Appellant.— In consolidated actions to recover damages for injury to person and property, and for loss of services, etc., the defendant in the second above-entitled action appeals from an order of the Supreme Court, Queens County, entered December 22, 1965, which *inter alia* granted the plaintiffs' motion pursuant to CPLR 325 to remove the action from the Civil Court of the City of New York, Queens County, to the Supreme Court of said County and to amend the complaint and bill of particulars by increasing the *ad damnum* with respect to plaintiff Irving Schalit from $5,000 to $100,000. Order reversed, without costs, and motion denied, without prejudice to renewal upon a proper showing of a causal connection between the allegedly increased injuries and the accident sued upon. In our opinion, the motion papers do not warrant the removal of the action to the Supreme Court. The physician's affidavit shows no causal connection between the surgery performed and the accident (cf. *Scalzo* v. *Brunori*, 17 A D 2d 612; *Ferrari* v. *Paramount Plumbing & Heating Co.*, 20 A D 2d 878; *Jiminez* v. *Seickel & Sons*, 22 A D 2d 643; *Matter of Kornfeld* v. *Wagner*, 15 A D 2d 921, affd. 12 N Y 2d 348). Christ, Acting P. J., Brennan, Hill, Hopkins and Benjamin, JJ., concur.

■ 1015 WASHINGTON AVE. MGT. CO., Appellant, v. SAMUEL BLECHER, Respondent.— In a summary proceeding by a landlord to evict a tenant for violation of a substantial obligation of his tenancy, the landlord appeals, by permission of this court, from an order of the Appellate Term, Second Judicial Department, entered November 12, 1965, which reversed a final judgment of the Civil Court of the City of New York, Kings County, entered May 18, 1965, in the landlord's favor. Order of the Appellate Term affirmed, with costs. The failure of the landlord to prove compliance with subdivision 3 of section 53 of the Rent and Eviction Regulations was fatal to its right to maintain the instant proceeding (*Froelich* v. *Norton*, 278 App. Div. 952; *Manna* v. *Corbett*, 2 A D 2d 764). Beldock, P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.

■ MINA POLLACK, Respondent, v. DAVID POLLACK, Appellant.— In an action for a separation, defendant husband appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Kings County, entered August 13, 1965, after a nonjury trial, as awarded plaintiff wife $85 per week permanent alimony and a counsel fee of $1,000. Judgment modified on the facts to the extent of reducing the counsel fee to $500. As so modified, judgment insofar as appealed from, affirmed, without costs. In our opinion, the award of a $1,000 counsel fee is excessive to the extent indicated. The record discloses that the attorney had already been paid $500 out of the parties' joint funds; and an additional sum of $500 awarded is, in our opinion, sufficient compensation in light of all the facts disclosed in the record. Ughetta, Acting P. J., Christ, Hill, Rabin and Benjamin, JJ., concur.