## (November 10, 1981)

■ PARK SUMMIT REALTY CORP., Appellant, v LEN FRANK et al., Respondents. — Judgment, Appellate Term of the Supreme Court, First Department, entered on September 26, 1980, unanimously affirmed, for the reasons stated at Appellate Term. Respondents occupants and/or undertenants respondents shall recover of appellant $75 costs and disbursements of this appeal, and costs in other courts. Concur — Ross, Markewich, Bloom and Lynch, JJ.

Murphy, P.J., concurs in the following memorandum. The basic facts have been developed in the Appellate Term's *Per Curiam* affirming the dismissal of this holdover proceeding (107 Misc 2d 318). By way of background, it should also be observed that, from the very commencement of the lease on July 1, 1975, a dispute arose between the parties because of a leak in the tenant's apartment. The tenant stopped paying his rent for two extended periods of time. The first nonpayment proceeding was settled when the landlord agreed to a 50% abatement of three months' rent. A second nonpayment proceeding terminated in an Appellate Term order directing a 50% abatement because of the recurring water leakage. The judgment in the landlord's favor was reduced accordingly from $12,886.14 to $6,770.57. Subsequently, the tenant contended that the order of the Appellate Term required the landlord to return $6,750 that had previously been paid for rent. After the landlord refused to return that sum, the tenant commenced the instant rent stoppage that extended six months before the notice to terminate was served. I agree with the Appellate Term's conclusion that respondent is a "permanent tenant" (Code of Metropolitan Hotel Industry Stabilization Assn [Hotel Code], § 2, subd [k]) rather than a "month-to-month" tenant (Real Property Law, § 232-c). Likewise, I agree that this holdover proceeding should be dismissed but I do so for reasons different from those stated by the Appellate Term. I disagree with its determination that a nonpayment proceeding is the exclusive vehicle available to a landlord in pursuing a tenant who has defaulted on his rent for an extended period of time. Section 50 and subdivision (a) of section 53 of the Hotel Code are controlling and they read as follows: "PART V — GROUNDS FOR EVICTION AND

REFUSAL TO RENEW LEASE. Section 50. No permanent tenant or a tenant who has requested a lease as provided in Section 20(f), so long as he continues to pay the rent to which the owner is entitled, shall be denied a lease as prescribed by this Code nor shall he be removed from any hotel dwelling unit subject to this Code by action to evict or to recover possession, by exclusion from possession, or otherwise, except on one or more of the grounds specified in this Code or in the Real Property Actions and Proceedings Law * * * Section 53. *Grounds for Eviction* — Except where the tenant fails to pay the stabilization rent, an action or proceeding to recover possession of any hotel dwelling unit covered by this Code shall be maintainable in a court of competent jurisdiction only upon one or more of the grounds specified in the Real Property Actions and Proceedings Law or on one of the following grounds as determined by such court: (a) Violation of tenancy — The tenant is violating a substantial obligation of his tenancy other than the obligation to surrender possession of such hotel dwelling unit and has failed to cure such violation after written notice by the owner that the violation cease within ten days; or within the three-month period immediately prior to the commencement of the proceeding the tenant has wilfully violated such an obligation inflicting serious substantial injury upon the owner". In my view, section 50 contemplates a situation in which a "permanent tenant" refuses to pay any rent and totally defaults. In such a case, a "permanent tenant" may be expeditiously removed by a nonpayment proceeding. That section was not aimed at covering a situation wherein a "permanent tenant" is occasionally late with a rental payment *(Weil v Chandler,* 38 Misc 2d 58). Similarly, section 50 was not intended to encompass a state of facts that shows a "permanent tenant" has breached a substantial obligation of tenancy by repeatedly refusing to pay rent for extended periods of time *(Zulaznick v Imbembo,* 35 Misc 2d 164; *940 St. Nicholas Ave. Corp. v Grant,* 35 Misc 2d 165). Viewing the evidence most favorably to the landlord, it had a right to seek the tenant's eviction under subdivision (a) of section 53 because the tenant had repeatedly refused to pay rent for extended periods of time. However, this nonpayment proceeding must be dismissed on the ground that the landlord did not serve a notice to cure as is required by subdivision (a) of section 53 (cf. *Chinatown Apts. v Chu Cho Lam,* 51 NY2d 786). Even if the landlord had properly commenced the holdover proceeding the tenant could still have raised, as a defense or setoff, his justification in not paying the rent because of the landlord's continuing breach of the warranty of habitability. (Real Property Law, § 235-b; *Park West Mgt. Corp. v Mitchell,* 47 NY2d 316, 329.) Had the tenant established such a breach, the landlord could not have succeeded in this holdover proceeding. For the reasons stated, I agree that this holdover proceeding should be dismissed.