OPINION OF THE COURT
Memorandum.
Judgment affirmed, without costs.
We are in full accord with the views expressed by the court below. Public policy considerations would preclude estopping landlord from instituting the proceeding, and, in any event, we find nothing in the record which would warrant such an estoppel. As to the findings of fact made by the court, they are supported by the evidence adduced at trial.
Moreover, we agree that the failure to notify tenant of the *430 intent not to renew the lease on primary residence ground during the "window” period (the period during which the landlord must otherwise offer a renewal lease) does not bar the landlord from thereafter refusing to renew the lease and instituting summary proceedings. In so holding, we are not unmindful of the Court of Appeals decision in Golub v Frank (65 NY2d 900). However, that case, which was decided under the New York City Rent Stabilization Law of 1969 (Administrative Code of City of New York § YY51-1.0 et seq.) and the Code of the Rent Stabilization Association of New York City, Inc., involved rights which had vested prior to the effective date of the Omnibus Housing Act (L 1983, ch 403). That act amended the Rent Stabilization Law so as to exclude from coverage of such law dwelling units not occupied by a tenant as his primary residence (Administrative Code § YY51-3.0 [a] [1] [f]). Since said dwelling units are excluded from coverage, a landlord is not bound by the notification and time procedures set forth in the Code of the Rent Stabilization Association of New York City, Inc., and need not give notice of intent during the "window” period (see, Jennifer Towers Apts. Co. v Halpern, NYLJ, Jan. 11, 1985, p 6, col 1 [App Term, 1st Dept]). While this proceeding falls under the Emergency Tenant Protection Act of 1974 (McKinney’s Uncons Laws of NY § 8621 et seq. [L 1974, ch 576, § 4, as amended]) that act also has a provision excluding from coverage housing accommodations not occupied as a primary residence (McKinney’s Uncons Laws of NY § 8625 [a] [11]), and the same result should be reached as under the Rent Stabilization Law.
We are also aware that landlord, although serving tenant with the 30-day notice of its intention to commence an action on nonprimary residence grounds, did not file a copy of the notice with the Division of Housing and Community Renewal as required by the Emergency Tenant Protection Regulations (9 NYCRR 2504.4 [d]). Clearly, where a regulation provides that a summary proceeding may not be commenced until landlord both serves tenant with the required notice and files a copy with the administrative agency, the failure to file with such agency is fatal to landlord’s right to maintain the proceeding (1015 Washington Ave. Mgt. Co. v Blecher, 26 AD2d 648). The Emergency Tenant Protection Regulations, insofar as they concern evictions for certain wrongful acts of the tenant, preclude an eviction proceeding unless there has been both service of the required notice on the tenant and filing with the Division of Housing and Community Renewal (9 *431 NYCRR 2504.2, 2504.3). However, insofar as evictions on nonprimary residency grounds are concerned, section 2504.4 (d) of the regulation states, in part: "No action or proceeding shall be commenced seeking to recover possession on such ground unless the landlord shall have given 30 days’ notice to the tenant of his intention to commence such action or proceeding on such ground. Within seven days after the notice is served on the tenant, an exact copy thereof, with an affidavit of service, shall be filed with the division.” Significantly, the regulation does not condition the institution of the proceeding upon both service and filing as do sections 2504.2 and 2504.3, but merely upon the service of the notice on the tenant. While the Division of Housing and Community Renewal has added the requirement of filing, if it had intended that such filing be a condition precedent to bringing the proceeding, it could have couched the regulation in terms similar to sections 2504.2 and 2504.3. That it did not leads us to the conclusion that the failure to so file is not a defect which requires a dismissal of the proceeding.
We incidentally note that the Division of Housing and Community Renewal was empowered to promulgate the regulations (Walton v Krismart Corp., 93 Misc 2d 73).
Di Paola, P. J., Widlitz and Stark, JJ., concur.