OPINION OF THE COURT
John A. Milano, J.
This instant holdover proceeding is one wherein the petitioner seeks to recover possession of a dwelling unit based on allegations that the respondent does not occupy the subject premises as his primary residence.
After a hearing on the motion of the attorney for the *126 respondent tenant herein, the petition was dismissed because of the failure of the petitioner to serve the said respondent with a notice of nonrenewal within the period of 120 to 150 days prior to the expiration of the repondent’s lease. It is conceded that a 30-day notice of intent to commence this holdover proceeding on the grounds stated was served.
The petitioner’s attorney cites Warhit Real Estate v Krauss (131 Misc 2d 429 [App Term, 2d Dept]), wherein on appeal from a final judgment of possession in favor of the landlord (see, 127 Misc 2d 845) the judgment was affirmed, the appellate court holding, inter alia, that the failure to notify tenant of the intent not to renew the lease on primary residence grounds during the "window” period (the period during which the landlord must otherwise offer a renewal lease) does not bar the landlord from thereafter refusing to renew the lease and instituting summary proceedings. The said court stated (131 Misc 2d, at p 430): "In so holding, we are not unmindful of the Court of Appeals decision in Golub v Frank (65 NY2d 900). However, that case, which was decided under the New York City Rent Stabilization Law * * * and the [Rent Stabilization Code], involved rights which had vested prior to the effective date of the Omnibus Housing Act (L 1983, ch 403). That act amended the Rent Stabilization Law so as to exclude from coverage of such law dwelling units not occupied by a tenant as his primary residence (Administrative Code § YY513.0 [a] [1] [f]). Since said dwelling units are excluded from coverage, a landlord is not bound by the notification and time procedures set forth in the [Rent Stabilization Code] and need not give notice of intent during the ’window’ period”. (Emphasis added.)
Although constrained to follow the rulings of the Appellate Term in this department, this court respectfully submits and maintains that although the Omnibus Housing Act excluded from coverage of such law such dwelling units not occupied by a tenant as his primary residence, it is the holding of this court that until there has been a prior judicial determination of such fact, that the respondent tenant herein, and all other tenants similarly situated, are entitled to all of the procedural safeguards inherent in the said act. This includes all procedural notices since the landlord by his mere allegations of violation of primary residence, has not proved his contention before trial. To argue, that if he so proves his allegations after trial, that the prerequisite notices may thereafter be dis *127 pensed with, after the fact, is to deny the respondent substantial due process.
The Appellate Division (1st Dept), by its unanimous affirmance in Crow v 83rd St. Assoc. (116 AD2d 1048), has determined that a 120-to-150-day notice of nonrenewal must be given in cases arising subsequent to the enactment of the Omnibus Housing Act. (See, Golub v Frank, 65 NY2d 900, supra; Code of Rent Stabilization Association of New York City, Inc. § 60; East 74th St. Realty Assoc. v Cavallaro, NYLJ, Mar. 5, 1986, p 6, col 2 [App Term, 1st Dept]; Levy v Moynahan, NYLJ, July 2, 1986, p 6, col 2 [App Term, 1st Dept].)
Accordingly, the petition is dismissed.