OPINION OF THE COURT
Memorandum.
Final judgment affirmed, without costs.
*786 We agree with landlord’s contention that a tenant who remains in possession by virtue of the compulsion of the rent laws is a statutory tenant rather than a month-to-month tenant and the notice required by Real Property Law § 232-a would not be required to terminate such a tenancy (Whitmarsh v Farnell, 298 NY 336; Park Summit Realty Corp. v Frank, 107 Misc 2d 318, affd 84 AD2d 700, affd 56 NY2d 1025; Lewittes & Sons v Spielmann, 190 Misc 35). However, housing accommodations not occupied by the tenant as his primary residence are excluded from coverage of the New York City Rent and Rehabilitation Law (Administrative Code of City of New York § Y51-3.0 [e] [2] [i] [10]; see also, Warhit Real Estate v Krauss, 131 Misc 2d 429). Tenant, therefore, would not be a statutory tenant but a month-to-month tenant, and it was required that he be served with the 30-day notice terminating the tenancy, as well as the notice of intent to institute a summary proceeding based on nonprimary residence grounds, as provided for in the Administrative Code.