■ VINCENT FALLICA, Appellant, v BERNARD ORT et al., Respondents.—In a negligence action to recover damages for personal injuries, the plaintiff appeals (1) from an order of the Supreme Court, Queens County (Smith, J.), dated May 23, 1990, which denied his application for leave to increase the ad damnum clause of the complaint from $500,000 to $3,500,000, and (2) as limited by his brief, from so much of an order of the same court dated September 18, 1990, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated May 23, 1990, is dismissed, as that order was superseded by the order dated September 18, 1990, made upon reargument; and it is further,

Ordered that the order dated September 18, 1990, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

In a personal injury action it is incumbent upon a plaintiff seeking to amend the ad damnum clause of his complaint to show by a sworn statement of a physician that the plaintiff's physical condition has worsened or was underdiagnosed (see, Chimento v DeMatteis Org., 157 AD2d 702; Portnow v Shelter Rock Pub. Lib., 125 AD2d 382; Dolan v Garden City Union Free School Dist., 113 AD2d 781). In this case, although the plaintiff submitted letters from physicians who had examined him, most of these letters were unsigned and unsworn, and none of them spoke of any worsening or underestimation of

the plaintiff's condition. Therefore, the court properly denied the plaintiff's motion. Moreover, we note that even upon reargument, the plaintiff's motion was denied without prejudice to renewal upon proper papers. That opportunity presumably still exists. Thompson, J. P., Rosenblatt, Miller and O'Brien, JJ., concur.