■ KAMAL BARSOUM et al., Appellants, v LENA M. WILSON, Respondent. [681 NYS2d 88] —In a negligence action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Kings County (Greenstein, J.), dated November 18, 1997, which denied their motion pursuant to CPLR 325 (b) to remove the action from the Civil Court to the Supreme Court and pursuant to CPLR 3025 (b) for leave to serve an amended complaint increasing the ad damnum clause.

Ordered that the order is affirmed, with costs.

The Supreme Court providently exercised its discretion in denying the plaintiffs' motion to remove their action from the Civil Court of the City of New York to Supreme Court (CPLR 325 [b]) and to serve an amended complaint increasing their ad damnum clause. To demonstrate their entitlement to such relief the plaintiffs were required to adduce evidence showing

the merits of their case, the reasons for their delay in asserting their present claims, and that their increase in damages resulted from facts that only recently came to their attention (*see, Gambino v Swan*, 152 AD2d 620; *Dolan v Garden City Union Free School Dist.*, 113 AD2d 781). The medical evidence supporting such a motion must establish "a 'causal connection between the injury and a consistent course of treatment for the accident-caused injuries' " (*Martin v Maimonides Med. Ctr.*, 125 AD2d 455, 456, quoting *Dolan v Garden City Union Free School Dist., supra*, at 785).

The plaintiffs have failed to make the requisite showings insofar as they have not proven that their allegedly recently-discovered injuries were incapable of earlier detection or why those injuries only belatedly came to their attention (*see, Harrison v Saltzman*, 233 AD2d 296; *Martin v Maimonides Med. Ctr., supra*). Moreover, we agree with the Supreme Court that the defendant would suffer genuine prejudice in defending the plaintiffs' increased claims at this juncture (*see, Dolan v Garden City Union Free School Dist., supra*). Miller, J. P., Thompson, Pizzuto, McGinity and Luciano, JJ., concur.