■ SHERLY JOEFIELD, Appellant, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents. [782 NYS2d 676]—

In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Queens County (Durante, J.), dated October 22, 2003, as, upon renewal, adhered to its prior determination in an order dated March 20, 2003, denying her motion for leave to amend the complaint to increase the ad damnum clause.

Ordered that the order is affirmed insofar as appealed from, with costs.

While leave to amend a complaint should be liberally granted (*see* CPLR 3025 [b]), "a plaintiff does not have the absolute right to amend the complaint by increasing the ad damnum clause at any time, to any amount, subject to defeat only by the defendant coming forward with proof of actual prejudice" (*Dolan v Garden City Union Free School Dist.*, 113 AD2d 781, 784 [1985]; *see Brennan v City of New York*, 99 AD2d 445, 446 [1984]). Rather, the motion must be supported by a twofold showing. First, the plaintiff must submit an affidavit "showing the merits of the case, the reasons for the delay and the fact that the increase is warranted by reason of facts which have recently come to the attention of the plaintiff and excusing the failure or negligence necessitating the amendment so far as these facts are within the knowledge of the plaintiff" (*Koi v P. S. M. Catering Corp.*, 15 AD2d 775, 775-776 [1962]; *see Barsoum v Wilson*, 255 AD2d 537 [1998]; *Dolan v Garden City Union*

*Free School Dist., supra* at 784-785; *London v Moore,* 32 AD2d 543 [1969]). Second, the plaintiff must submit a physician's affidavit or affirmation specifying the change in his or her condition, any injuries which had not been considered previously, or the extent to which the condition has worsened (*see Savory v Romex Realty Corp.,* 194 AD2d 601, 602 [1993]; *Fallica v Ort,* 183 AD2d 806 [1992]; *Brennan v City of New York, supra* at 445-446). Moreover, whether to allow the increase of an ad damnum clause rests in the sound discretion of the court and its determination will not be lightly set aside (*see EDP Med. Computer Sys. v Sears, Roebuck & Co.,* 255 AD2d 481, 482 [1998]).

Under the circumstances of this case, the evidence submitted by the plaintiff upon renewal failed to substantiate her request for a $14 million increase in the demand for damages. She failed to establish that the requested increase was warranted by facts which only recently came to her attention. Accordingly, upon granting renewal, the Supreme Court providently exercised its discretion in adhering to its prior determination denying the plaintiff's motion for leave to amend the complaint to increase the ad damnum clause. Smith, J.P., Adams, Crane and Lifson, JJ., concur.