■ Paul Cohen, Appellant, et al., Plaintiffs, v Roger Kim, Respondent. [805 NYS2d 97]—

Appeal from an order of the Supreme Court, Queens County (Dollard, J.), dated November 4, 2004, which denied the plaintiffs' application to remove a negligence action pending in the Civil Court, Queens County, to the Supreme Court, Queens County, and for leave to amend the complaint to increase the ad damnum clause.

Ordered that the order is affirmed, with costs.

The Supreme Court providently exercised its discretion in denying the plaintiffs' application to remove their action from the Civil Court, Queens County, to the Supreme Court, Queens County (*see* CPLR 325 [b]), and for leave to amend the complaint to increase the ad damnum clause (*see* CPLR 3025 [b]). To demonstrate their entitlement to this relief, the plaintiffs were required to submit evidence showing the merits of the case, the reasons for the delay in asserting the present claims, and that the increase in damages resulted from facts that only recently came to their attention (*see Barsoum v Wilson*, 255 AD2d 537 [1998]; *Lopez v Alexander*, 251 AD2d 297 [1998]; *Gambino v Swan*, 152 AD2d 620 [1989]). Furthermore, the plaintiffs were required to submit a physician's affirmation specifying the claimed change in the injured plaintiff's condition, any injuries which had not been considered previously, or the extent to which the condition had worsened (*see Joefield v*

*New York City Tr. Auth.*, 11 AD3d 586, 587 [2004]; *Savory v Romex Realty Corp.*, 194 AD2d 601, 602 [1993]; *Fallica v Ort*, 183 AD2d 806 [1992]).

The plaintiffs failed to give a reason for the delay in seeking an increase in the damages claimed for the personal injuries of the plaintiff Paul Cohen, or to establish that the requested increase was warranted by facts that only recently came to their attention (*see Joefield v New York City Tr. Auth., supra*). Furthermore, the plaintiffs failed to establish through medical evidence that the condition of Paul Cohen had changed since the filing of the original summons and complaint, that he had any causally related injuries not previously considered, or the extent to which his condition had worsened. Accordingly, the Supreme Court providently exercised its discretion in denying the application. Schmidt, J.P., S. Miller, Mastro, Spolzino and Lunn, JJ., concur.