■ DOROTHY RUSSELL, Respondent, v JEAN DUNBAR et al., Appellants. [838 NYS2d 97]—

In an action to recover for damage to property, the defendant Jean Dunham, sued herein as Jean Dunbar appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Saita, J.), dated May 9, 2006, as denied, with leave to renew upon the completion of discovery, that branch of her cross motion which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against her as time-barred and granted the plaintiff's motion pursuant to CPLR 325 (b) to remove the action from the Civil Court, Kings County, to the Supreme Court, Kings County, and pursuant to CPLR 3025 (b) for leave to serve an amended complaint increasing the ad damnum clause, and the defendants Moses Rodriguez, Dorchester Apt Corp. care of Luann Campanelle (Pres), and Cooper Square Realty care of Property Manager Jesse Feldman, separately appeal, as limited by their brief, from so much of the same order as denied, with leave to renew upon the completion

of discovery, that branch of their cross motion which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against them as time-barred.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondent payable by the appellants appearing separately and filing separate briefs.

On May 3, 2005, the plaintiff, acting pro se, commenced this action in the Civil Court, Kings County, to recover damages for water damage to her co-op apartment. The water damage was caused by a leak from the upstairs apartment owned by the defendant Jean Dunham, sued herein as Jean Dunbar (hereinafter Dunham). The apartment building was operated and maintained by the defendants Moses Rodriguez, Dorchester Apt Corp. c/o Luann Campanelle (Pres), and Cooper Square Realty c/o Property Manager Jesse Feldman (hereinafter the co-op defendants).

The defendants retained attorneys and filed answers to the pro se complaint in Civil Court. Following the defendants' appearances in the Civil Court, the plaintiff retained counsel who moved in the Supreme Court, Kings County, to remove the action to the Supreme Court on the ground that the plaintiff's damages exceeded the jurisdictional limit of the Civil Court (*see* CPLR 325 [b]; New York City Civil Court Act §§ 201, 202). The plaintiff also sought leave to serve an amended complaint increasing the ad damnum clause to an amount greater than the jurisdictional limit of the Civil Court (*see* CPLR 3025 [b]). In support of her motion, the plaintiff submitted an affidavit (hereinafter the initial affidavit) in which she stated that her apartment "began to sustain water damage" as a result of the leak and faulty piping "[b]eginning in April 2002."

The co-op defendants and Dunham separately cross-moved, inter alia, pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against them on the ground that the action was time-barred by the applicable three-year statute of limitations for injury to property (*see* CPLR 214 [4]).

Contrary to the defendants' contentions, the Supreme Court properly granted the plaintiff's motion and denied, with leave to renew upon the completion of discovery, those branches of their separate cross motions which were pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against them.

An action to recover damages for injury to property must be commenced within three years of accrual (CPLR 214 [4]). The cause of action accrues "when the damage [is] apparent" (*Alamio v Town of Rockland*, 302 AD2d 842, 844 [2003]; *see Mandel v Estate of Frank L. Tiffany*, 263 AD2d 827 [1999]; *Cranesville Block Co. v Niagara Mohawk Power Corp.*, 175 AD2d 444 [1991]).

Here, the record does not demonstrate that the damage to the plaintiff's apartment was apparent prior to May 3, 2002, more than three years before the plaintiff commenced this action. In opposition to the defendants' cross motions, the plaintiff submitted an affidavit (hereinafter the opposition affidavit), explaining that she first heard the sound of water dripping inside the wall or ceiling of her apartment in late April 2002. She explained, however, that she was unsure of what the sound was at that time and that actual damage to her apartment was not apparent until May 20, 2002, at the earliest, when she noticed peeling paint on the ceiling of her bathroom. She further stated that the "real damage" to her apartment occurred on June 10, 2002, when the plaster began to fall. In these respects, the opposition affidavit was not contradictory to or inconsistent with the plaintiff's initial affidavit, which did not explain when the water damage was first apparent to the plaintiff. Thus, on this record, the opposition affidavit did not constitute a belated attempt to avoid the consequences of an earlier admission by raising a feigned issue (*see Abramov v Miral Corp.*, 24 AD3d 397 [2005]). Moreover, the plaintiff's opposition affidavit was consistent with the original complaint filed in the Civil Court which sought interest on her damages from "June 10, 2002."

In addition, the Supreme Court providently exercised its discretion in granting the plaintiff's motion pursuant to CPLR 325 (b) to remove the action from the Civil Court, Kings County to the Supreme Court, Kings County and pursuant to CPLR 3025 (b) for leave to serve an amended complaint increasing the ad damnum clause. Whether to allow the increase of an ad damnum clause rests in the sound discretion of the court and its determination will not be lightly set aside (*see Joefield v New York City Tr. Auth.*, 11 AD3d 586 [2004]). The plaintiff submitted evidence sufficient to show the merits of her case, the reasons for the delay in asserting the present claims, and that the increase in damages resulted from facts that only recently came to her attention (*see Cohen v Kim*, 23 AD3d 602 [2005]; *Barsoum v Wilson*, 255 AD2d 537 [1998]).

Accordingly, under the circumstances of this case, the Supreme Court properly granted the plaintiff's motion and denied, with leave to renew following the completion of discovery, those branches of the defendants' cross motions which were pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against them as time-barred. Rivera, J.P., Florio, Dillon and Carni, JJ., concur.