■ MARGUERITE REYES-DAWSON, Appellant, v JOSEPH GODDU et al., Defendants, and JAMES WAGMAN ARCHITECT, LLC, Respondent. [905 NYS2d 145]—

Order, Supreme Court, New York County (Louis B. York, J.), entered February 27, 2009, which, in this action seeking damages for purported trespass arising out of construction work performed upon certain residential property, granted the motion by defendant James Wagman Architect, LLC to dismiss the complaint as against it as being barred by the applicable statute of limitations, unanimously affirmed, without costs.

Pursuant to CPLR 214 (6), an action instituted for malpractice "other than medical, dental or podiatric malpractice, regardless of whether the underlying theory is based in contract or tort" (*see Matter of R.M. Kliment & Frances Halsband, Architects [McKinsey & Co., Inc.]*, 3 NY3d 538, 539-540 [2004]) must be instituted within three years of the completion of the work involved (*see City School Dist. of City of Newburgh v Stubbins & Assoc.*, 85 NY2d 535, 538 [1995]). However, while the complaint herein has alleged that the work in question was performed and completed in October of 2002, which was nearly six years prior to the commencement of the present matter, plaintiff maintains that because she lacked privity with defendant architect, her cause of action against such party did not accrue until she became aware of the extent of the damage in February of 2008. Indeed, it is clear that plaintiff had no professional relationship with the defendant and is not really suing for malpractice but on a claim of ordinary negligence against a party who happens to be an architect (*see* CPLR 214 [4]).

Yet, even assuming that plaintiff's claim against the architect did not, of necessity, accrue upon completion of the work and could be brought within three years of when the damage to her property became apparent (*see Russell v Dunbar*, 40 AD3d 952, 953 [2007]), the motion court properly concluded that she either knew, or in the exercise of reasonable diligence, should have known in 2003, that which was apparent to anyone with technical competence to see. Indeed, plaintiff first brought suit in May of 2003 as a result of purported damage to her property that had been caused by the subject work, and she cannot now reasonably maintain that she was unaware, until 2008, of the real extent of the harm that had been inflicted upon her property. Consequently, plaintiff's own neglect in failing to properly investigate the condition of her property by retaining an engineer to conduct an inspection cannot be used as the basis for tolling the statute of limitations.

We have considered plaintiff's remaining arguments and find

them to be unavailing. Concur—Gonzalez, P.J., Sweeny, Acosta, Renwick and Román, JJ. **[Prior Case History: 2009 NY Slip Op 30438(U).]**