OPINION OF THE COURT
Gary F. Marton, J.
*208 This is a holdover proceeding. The premises at issue are a rent-controlled apartment. Petitioner alleges that it may recover possession thereof because respondent Campbell does not occupy the same as her primary residence. Respondents joined issue and, among other things, deny the same. Now petitioner moves to strike defenses and for leave to take discovery, and respondents cross-move for summary judgment. As set out below, the motion is denied, the cross motion is granted, and the proceeding is dismissed. Upon service of a copy of this decision/order with notice of entry, respondents may move for relief on their counterclaim.
Respondents cross-move on the ground that petitioner did not comply with New York City Rent and Eviction Regulations (9 NYCRR) § 2204.3. That regulation required petitioner to file with the appropriate district rent office of the Division of Housing and Community Renewal of the State of New York (DHCR) a copy of the predicate notice of termination and an affidavit of service therefor; in pertinent part, section 2204.3 (a) specifies that no proceeding to evict (except for nonpayment of rent) “shall be commenced . . . unless and until the landlord shall have given written notice to the tenant and the district rent office” and section 2204.3 (c) provides that “[wjithin 48 hours after the notice is served upon the tenant, an exact copy thereof, together with an affidavit of service, shall be filed with the district rent office.”
Petitioner’s moving papers show only that a notice was served upon the tenant and that a copy was filed 24 hours later at a DHCR district rent office in Queens, New York. In two ways, that is not enough. First, there is nothing probative of petitioner’s filing an affidavit of service at DHCR. Petitioner alleges that its filing included the same, but the allegation is made by a person who does not have knowledge of the filing. Second, while the filing was made at a DHCR district rent office, it was not made at “the” district office. As 9 NYCRR 2200.3 (g) and 2200.8 make plain, with respect to housing accommodations in Brooklyn, New York, the appropriate office is the one in Brooklyn, New York, and not the one in Queens, New York.*
This noncompliance is fatal to petitioner’s case. (See e.g. 1015 Wash. Ave. Mgt. Co. v Blecher, 26 AD2d 648 [2d Dept 1966]; *209 Shahid v Carillo, 7 Misc 3d 134[A], 2005 NY Slip Op 50652[U] [App Term, 2d & 11th Jud Dists 2005].) Accordingly, the court grants the cross motion and the other relief set out above. Petitioner’s motion is moot and the court denies it as such.

 DHCR’s Web site at http://www.nysdhcr.gov/AboutUs/contact.htm states that the Brooklyn Borough Rent Office is located at 55 Hanson Place, Room 702, Brooklyn, New York 11217.