*1009 The Supreme Court providently exercised its discretion in denying the petition to remove the petitioner’s underlying personal injury action from the Civil Court, Queens County, to the Supreme Court, Queens County (see CPLR 325 [b]), and for leave to amend the complaint to increase the ad damnum clause (see CPLR 3025 [b]). To demonstrate her entitlement to this relief, the petitioner was required, inter alia, to submit a physician’s affirmation (1) showing a causal connection between her condition and the accident, and (2) specifying the claimed change in her condition, any injuries that had not been previously considered, or the extent to which the condition had worsened (see Cohen v Kim, 23 AD3d 602 [2005]; Joefield v New York City Tr. Auth., 11 AD3d 586 [2004]; Dolan v Garden City Union Free School Dist., 113 AD2d 781, 785 [1985]; London v Moore, 32 AD2d 543 [1969]). The physician’s affirmation submitted by the petitioner in support of her petition failed, inter alia, to establish that the increased injuries to her lower back which required surgery were causally related to the subject motor vehicle accident, as it failed to account for the fact that the petitioner had claimed to have injured her lower back in accidents that had occurred both prior and subsequent to the subject motor vehicle accident (see Bell v Margolis, 82 AD2d 817 [1981]; Northern Ins. Co. of N.Y. v Kregsman, 26 AD2d 648 [1966]). Dillon, J.R, Hall, Roman and Cohen, JJ., concur.